UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

JOHN WILEY & SONS, INC.,

                    Plaintiff,

      -against-

SUPAP KIRTSAENG D/B/A
BLUECHRISTINE99 AND JOHN
DOE NOS. 1-5,

                    Defendants.

------------------------------x

**JUDGE LYNCH**

**08 CIV 7834**

08 Civ.



SEP 08 2008
U.S.D.C. S.D.N.Y.
CASHIERS

## COMPLAINT

Plaintiff John Wiley & Sons, Inc. ("Wiley") by its undersigned attorneys, for its complaint against defendants Supap Kirtsaeng d/b/a BlueChristine99 and John Doe Nos. 1-5, avers:

### Nature of the Action

1. Wiley is bringing this action to enforce its copyrights and trademarks against defendants' unlawful sale in the United States of non-United States versions of Wiley's educational books.

### Jurisdiction and Venue

2. This Court has subject matter jurisdiction over the first two claims in this action pursuant to 28 U.S.C. §§ 1331 and 1338 because they arise under the Copyright Act, 17 U.S.C. § 101 <u>et seq</u>., or the Lanham Act, 15 U.S.C. § 1051 <u>et</u>

seq. This Court has subject matter jurisdiction over the third claim in this action pursuant to 28 U.S.C. § 1367 because it is so related to the claims within the original jurisdiction of this Court that they form part of the same case or controversy within the meaning of Article III of the United States Constitution.

3. Upon information and belief, venue is proper in this District pursuant to 28 U.S.C. § 1391.

### Parties

4. Wiley is a corporation organized and existing under the laws of the State of New York with its principal place of business at 111 River Street, Hoboken, New Jersey 07030.

5. Upon information and belief, defendant Supap Kirtsaeng is a natural person currently residing at 3637 Mentone Avenue, Apartment 3, Los Angeles, California 90034.

6. John Doe Nos. 1-5 are associates of the named defendant whose identities are presently unknown to Wiley.

### The Business of Plaintiff

7. Wiley publishes a variety of works, including educational books.

8. As a standard practice, Wiley requires its authors to assign the copyright to it or grant it the exclusive rights of reproduction and distribution in the United States.

This practice enables Wiley to maximize dissemination of each work.

9. Wiley invests significant monies to publish its copyrighted works. Wiley, for example, makes substantial investments in royalties, content creation, licensing, copyediting, proofreading, typesetting, layout, printing, binding, distribution, and promotion.

10. Wiley earns a substantial portion of its revenue from the publication of its copyrighted works and would suffer serious financial injury if its copyrights were not enforced. A substantial decline in its income could cause Wiley to cease publishing one or more deserving books or journals. This would adversely impact the creation of new works, scholarly endeavor, and scientific progress.

11. Wiley's educational books authorized for sale in the United States are of the highest quality (the "United States Editions"). These books are generally printed with strong, hard-cover bindings with glossy protective coatings and, in some cases, contain extra features such as sewn ribbon bookmarks. Wiley frequently offers academic supplements, such as CD-ROMs, computer passwords that provide purchasers with access to academic websites corresponding to the textbooks, and study guides with the United States Editions.

12. Wiley generally creates different versions of its educational books that are intended for sale in specific geographic markets outside of the United States (the "Foreign Editions"). The Foreign Editions materially differ from the United States Editions. The Foreign Editions have thinner paper and different bindings, different cover and jacket designs, fewer internal ink colors, if any, lower quality photographs and graphics, and generally lower prices than the United States Editions. Also, the Foreign Editions often lack academic supplements, such as CD-ROMs, website passwords, or study guides. The Foreign Editions are generally marked to indicate their lower cost by a legend indicating, in substance, that the title is a "Low Price Edition" and/or authorized for sale only in a particular country or geographic region. The Foreign Editions are uniformly manufactured outside of the United States.

### Wiley's Copyrights and Trademarks

13. Wiley routinely registers its copyrights. Wiley has generally registered its copyrights in its works, including those identified on Schedule A (the "Wiley Copyrights").

14. Wiley also owns trademarks that it uses to differentiate its products from those of its competitors.

15. Among Wiley's well-known trademarks are "John Wiley & Sons," "Wiley," and the "John Wiley Colophon" (the

"Wiley Trademarks"). The United States Registrations for the Wiley Trademarks are identified on Schedule B.

### The Infringing Acts of Defendants

16. Defendants have without permission purchased Foreign Editions of Wiley's books manufactured outside of the United States and resold them to purchasers in the United States through the Internet at websites including, but not limited to, eBay.com using the store name "BlueChristine99" and the e-mail address bluechristine@att.net.

### FIRST CLAIM FOR RELIEF
(Copyright Infringement – 17 U.S.C. § 501)

17. Wiley repeats the averments contained in paragraphs 1 through 16 as if set forth in full.

18. Wiley has received United States Certificates of Copyright Registration for the Wiley Copyrights.

19. The Wiley Copyrights are valid and enforceable.

20. Defendants have infringed the Wiley Copyrights in violation of 17 U.S.C. § 501.

21. Defendants' acts have irreparably damaged and, unless enjoined, will continue to irreparably damage Wiley. Wiley has no adequate remedy at law for these wrongs and injuries. Wiley is, therefore, entitled to a preliminary and permanent injunction restraining and enjoining defendants and their agents, servants, employees, and attorneys and all persons

acting in concert with them, from infringing the Wiley Copyrights.

22. Defendants have willfully infringed the Wiley Copyrights.

23. Wiley is entitled to recover all damages sustained as a result of defendants' unlawful conduct including (1) defendants' profits, or (2) Wiley's damages, or alternatively, (3) statutory damages.

SECOND CLAIM FOR RELIEF
(Trademark Infringement - 15 U.S.C. § 1114(a))

24. Wiley repeats the averments contained in paragraphs 1 through 23 above as if set forth in full.

25. Wiley owns the Wiley Trademarks, for which it has obtained United States Trademark Registrations.

26. The Wiley Trademarks are valid and enforceable.

27. Defendants have infringed the Wiley Trademarks in violation of 15 U.S.C. § 1114(a) by using them on and/or in connection with the works that they have sold.

28. Defendants' acts complained of herein have irreparably damaged Wiley and may continue to do so. The damage to Wiley includes harm to its good will and reputation in the marketplace for which money cannot compensate. Wiley has no adequate remedy at law for these wrongs. Wiley is, therefore, entitled to a preliminary and permanent injunction restraining

and enjoining defendants, their agents, servants, employees, and attorneys and all persons acting in concert with them from using the Wiley Trademarks or any colorable imitation of them.

29. Defendants have willfully infringed the Wiley Trademarks.

30. Wiley is entitled to recover (1) defendants' profits from the infringing books, (2) Wiley's damages, (3) the costs of the suit, and (4) reasonable attorneys' fees.

THIRD CLAIM FOR RELIEF
(Common Law Unfair Competition Under State Law)

31. Wiley repeats the averments contained in paragraphs 1 through 30 above as if set forth in full.

32. Defendants' acts complained of herein have damaged and may continue to damage Wiley irreparably. The damage to Wiley includes harm to its goodwill and reputation in the marketplace for which money cannot compensate. Wiley has no adequate remedy at law for these wrongs and injuries. Wiley is, therefore, entitled to a preliminary and permanent injunction restraining and enjoining defendants, their agents, servants, employees, and attorneys and all persons acting in concert with them from using the Wiley Trademarks or any colorable imitation of them, to restitution of defendants' ill-gotten gains, and to punitive damages in an amount to be determined by the trier of fact in this action.

WHEREFORE, plaintiff demands judgment:

A.  Preliminarily and permanently enjoining defendants, their agents, servants, employees, and attorneys and all those acting in concert with them from infringing the Wiley Copyrights in violation of 17 U.S.C. § 501;

B.  Awarding Wiley its damages or defendants' profits, or alternatively, at Wiley's election, statutory damages, as a result of defendants' willful infringement of the Wiley Copyrights;

C.  Preliminarily and permanently enjoining defendants, their agents, servants, employees, and attorneys and all those acting in concert with them from infringing the Wiley Trademarks in violation of 15 U.S.C. § 1114(a);

D.  Awarding Wiley its damages and/or defendants' profits from their willful infringement of the Wiley Trademarks pursuant to 15 U.S.C. § 1117(a);

E.  Directing that defendants engage in such additional activities, including, but not limited to, recalls of products and corrective advertising, as may be necessary and appropriate to mitigate the damage defendants have caused;

F.  Awarding Wiley its costs in this action, including its reasonable attorneys' fees pursuant 17 U.S.C. § 505 and 15 U.S.C. § 1117;

G.   Awarding Wiley punitive damages in an amount to be determined by the trier of fact in this action; and

H.   Granting such other and further relief as to this Court seems just and proper.

Dated:  New York, New York
        September 8, 2008

                                DUNNEGAN LLC

                                By _____
                                   William Dunnegan (WD9316)
                                   wd@dunnegan.com
                                   Laura Scileppi (LS0114)
                                   ls@dunnegan.com
                                Attorneys for Plaintiff
                                   John Wiley & Sons, Inc.
                                350 Fifth Avenue
                                New York, New York 10118
                                (212) 332-8300

Schedule A
"Wiley Copyrights"

<u>Title</u>   (<u>Date of Registration</u>) (<u>Registration #</u>)

1.  Management, (November 14, 2005)(TX-6-269-257).

2.  Information Technology for Management, (August 20, 2004) (TX-6-013-876).

3.  Accounting Principles (July 13, 1987) (TX-2-111-034).

4.  Fundamentals of Heat and Mass Transfer, Sixth Edition (July 28, 2006) (TX-6-410-153).

5.  Introduction to Heat Transfer, Fifth Edition (August 14, 2006) (TX-6-407-668).

6.  Fundamentals of Physics: Part 1, Eighth Edition (September 17, 2007) (TX-6-827-902).

7.  Materials Science and Engineering: An Introduction, Seventh Edition (June 19, 2006) (TX-6-405-304).

8.  Organic Chemistry, Fourth Edition (April 19, 1989) (TX-2-544-723).

Schedule B
"Wiley Trademarks"

|   | U.S. Trademark | Registration Number | Class |
|---|---|---|---|
| 1. | "JW" Colophon | 2,168,941 | 009, 042 |
| 2. | "Wiley" | 1,003,988 | 009, 016, 036, 038 |
| 3. | "Wiley" | 2,159,987 | 009, 042 |

11