**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------X
**JOHN WILEY & SONS, INC.,**

                  **08 CV 7834**

       **Plaintiff**

                  **Lynch, G, USDJ**
      **-against-**                  Jury Trial Demanded

**SUPAP KIRTSAENG D/B/A BLUECHRISTINE99**
**and JOHN DOE NOS. 1-5,**
       **Defendants**
_____X

**ANSWER**

Defendant Supap Kirtsaeng ("**Kirtsaeng**" or "**Defendant**"), by his counsel, Sam P. Israel, P.C., as and for his answer to the complaint (the "**Complaint**") of Plaintiff John Wiley & Sons, Inc., ("**Plaintiff**") states and alleges as follows:

1.       The Defendant denies personal knowledge or information sufficient to form a belief as to the reason why the Plaintiff "is bringing this action" as alleged in paragraph 1 of the Complaint, but denies that he engaged in "unlawful activities" as alleged therein.

2.       Without admitting the sufficiency of the pleadings, the Defendant admits that the Plaintiff purports to bring claims under the statutes cited in paragraphs 2 and 3 of the Complaint and refers to the Court all matters as to whether it has jurisdiction and as to whether venue is appropriate.

3.       The Defendant denies personal knowledge or information sufficient to form a belief as to the truthfulness of the allegations set forth in paragraph 4 of the Complaint.

4.       The Defendant admits the allegations set forth in paragraph 5 of the Complaint.

5. The Defendant denies personal knowledge or information sufficient to form a belief as to the identity or existence of the individuals or entities referenced in paragraph 6 of the Complaint.

6. The Defendant denies personal knowledge or information sufficient to form a belief as to the truthfulness of the allegations set forth in paragraphs 7-15 of the Complaint.

7. The Defendant denies the allegations set forth in paragraph 16 to the extent that they suggest that the Defendant was on notice of the need to get permission, as alleged therein and that such permission was necessary.

8. The Defendant repeats each of his foregoing responses in answering paragraph 17 of the Complaint and incorporates same herein.

9. The Defendant denies personal knowledge or information sufficient to form a belief as to the truthfulness of the allegations set forth in paragraphs 18-19 of the Complaint.

10. The Defendant denies the truthfulness of the allegations set forth in paragraphs 20-23 of the Complaint.

11. The Defendant repeats each of his foregoing responses in answering paragraph 24 of the Complaint and incorporates same herein.

12. The Defendant denies personal knowledge or information sufficient to form a belief as to the truthfulness of the allegations set forth in paragraph 25 of the Complaint.

13. The Defendant, upon information and belief, denies the allegations set forth in paragraph 26 of the Complaint.

14. The Defendant denies the truthfulness of the allegations set forth in paragraphs 27- 30 of the Complaint.

15. The Defendant repeats each of his foregoing responses in answering paragraph 31 of the Complaint and incorporates same herein.

16. The Defendant denies the truthfulness of the allegations set forth in paragraph 32 of the Complaint.

17. The Defendant denies the truthfulness of each and every other allegation in the Complaint not otherwise expressly addressed herein.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

The Complaint fails to state a claim, in whole or in part, upon which relief may be granted.

### Second Affirmative Defense

The Plaintiff has failed to mitigate any alleged damages.

### Third Affirmative Defense

The Plaintiff has waived the right to bring the claims asserted in the Complaint.

### Fourth Affirmative Defense

The Plaintiff's claims are barred by the doctrine of *laches*.

### Fifth Affirmative Defense

The Plaintiff's claims are barred by the doctrine of *estoppel*.

### Sixth Affirmative Defense

The Plaintiff's trademark claims constitute an impermissible restraint of trade.

### Seventh Affirmative Defense

The Plaintiff's trademark claims are barred by the doctrine of abandonment inasmuch as the Plaintiff maintains no consistent standards for the quality and/or the presentation of its products.

**Eighth Affirmative Defense**

The Plaintiff's copyright claim is barred by the failure to name an indispensable party.

**Ninth Affirmative Defense**

Some or all of the relief sought in the Plaintiff's copyright claim is barred by the Defendant's innocent intent.

**Tenth Affirmative Defense**

The Plaintiff has alleged no injury to the public and/or consumers to give rise to a claim for unfair competition.

**DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Defendant hereby demands a trial by jury.

    **WHEREFORE,** Defendant respectfully requests that this Court:
    a.   Dismiss Plaintiff's Complaint in its entirety, with prejudice;
    b.   Deny each and every demand for relief set forth in the Complaint;
    c.   Grant such other and further relief as the Court deems just and proper.

Respectfully submitted:

                              **Sam P. Israel**, **P.C.**

Dated: New York, New York
December 1, 2008                       **By: _S/_____**
                                          **Sam P. Israel (SPI 0270)**
                                          **Attorney for Defendant**
                                          **Supap Kirtsaeng**
                                          **1 Liberty Plaza 23rd Floor**
                                          **New York, NY 10006**
                                          **Tel: 212-201-5345**
                                          **Fax: 212-201-5343**