UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
JOHN WILEY & SONS, INC.,

                                                                                      08 CV 7834

            **Plaintiff,**

      -against-

**SUPAP KIRTSAENG D/B/A BLUECHRISTINE99**
and **JOHN DOE NOS. 1-5,**
           **Defendants**
_____X

## MEMORANDUM OF LAW IN SUPPORT OF MOTION *IN LIMINE* TO PRECLUDE TESTIMONY OF DEFENDANT'S COUNSEL AT CONTEMPT HEARING

### Preliminary Statement

The Plaintiff John Wiley & Sons, Inc., ("**Plaintiff**" or "**Wiley**") has designated counsel for Defendant Supap Kirtsaeng ("**Kirtsaeng**" or "**Defendant**"), as a witness it intends to call at the evidentiary hearing on the matter of whether the Defendant knowingly withdrew funds from his bank account in contempt of an Order of the Court.

Where not entirely cumulative, the only contribution that Defendant's counsel might make by giving testimony would be the disclosure of attorney client-communications and attorney work product or to undermine his own client's testimony. As argued below, the Plaintiff cannot begin to make the necessary showing to justify this threat to client privileges, no less to override the adverse witness rule.

**Argument**

**1.      The Testimony Is Not Necessary: it would be cumulative and Invasive of Privileges from Disclosure**

Judging from its inclusion of emails and telephone records in its evidence list, the Plaintiff appears to be intent upon calling Defendant's counsel to testify concerning when he learned of the order and/or when he conveyed the order or its contents to his client. When counsel learned of the Order, however is immaterial. What is relevant is when his client learned of it. With respect to when counsel advised his client of the Order, the Plaintiff may adduce testimony directly from the Defendant on this issue and indeed already has done so. In short, inquiry of counsel is merely cumulative. See, e.g., Laura Zubulake, v. Ubs Warburg Llc, Ubs Warburg, and Ubs Ag, 382 F. Supp. 2d 536, 549 (S.D.N.Y. 2005)(the Plaintiff sought to have opposing counsel testify concerning email communications and the like notwithstanding the fact that other discovery covering the same grounds had occurred; Judge Scheindlin observed and ruled that "I do not see any legitimate need plaintiff may have for calling opposing counsel given the extensive discovery on the issue of e-mail and back-up tape preservation and retention. Plaintiff is therefore precluded from calling LeBlang, Simon and Salzberg as witnesses."); ResQNet.com, Inc. v. Lansa, Inc., 2004 U.S. Dist. LEXIS 13579, No. 01 Civ. 3578, 2004 WL 1627170 at *6 (S.D.N.Y. July, 23, 2004) (risk of compromising work product and privilege and the amount of extant discovery are key factors in weighing the propriety of attorney testimony).

Courts reviewing motions such as that now before the Court have routinely found that except where truly indispensable, a lawyer's testimony poses a needless risk of exposure of privileged communications and an intrusion into the so-called lawyer/client zone of privacy. See In re Grand Jury Subpoena Dated October 22, 2001, 282 F.3d 156, 160 (2d Cir. 2002) (quashing

grand jury subpoena since work product establishes a "zone of privacy for an attorney's preparation to represent a client in anticipation of litigation"). In <u>In Re: Grand Jury Subpoena Dated October 22, 2001</u>, 282 F.3d 156 (2d Cir. 2002), the Second Circuit found "no reason why the work product privilege is not properly invoked to bar the compulsion of [counsel's] testimony."

> It falls comfortably within the black letter definition of work product. Furthermore, it implicates policy concerns relating to the lawyer-client relationship. The work product privilege establishes a zone of privacy for an attorney's preparation to represent a client in anticipation of litigation.
> ...For the attorney to be subpoenaed to testify to the observations made in the course of that preparation in order to help the putative adversary prove the offense as to which the attorney was providing representation would do substantial injury to the values that justify the work product doctrine.

<u>Id</u>. <u>See also</u> <u>ResQNet.com, Inc. v. Lansa, Inc.</u>, 2004 U.S. Dist. LEXIS 13579 (S.D.N.Y. July 21, 2004)("In the Second Circuit, depositions of opposing counsel are disfavored. The rationale behind the presumption against such discovery is that even a deposition of counsel limited to relevant and nonprivileged information risks disrupting the attorney-client relationship and impeding the litigation. ….").

Here, where the Plaintiff may obtain all that it needs in terms of when the Defendant learned of the order and how he responded to it from the Defendant himself, counsel's testimony is plainly unnecessary and needlessly invasive of the attorney-client relationship. <u>Eg</u>. <u>King V. Fox, Esq., Legal Vision, Inc. and Lerner, et al</u>, 2005 U.S. Dist. LEXIS 5146 at *22 (S.D.N.Y. March 31, 2005)("[t]he phrase 'ought to be called as a witness' has been construed to include an attorney who has crucial information in his possession that must be divulged in the course of trial."); <u>King V. Fox, Esq., Legal Vision, Inc. and Lerner, et al</u>, 2005 U.S. Dist. LEXIS 5146 at

*23 (S.D.N.Y. March 31, 2005) ("[a]s discussed above, Mr. King relies on documentary evidence to substantiate these assertions, and there is no indication that Mr. Howard could provide relevant, let alone critical, testimony. Therefore, Mr. Howard's testimony is not strictly necessary.") Citing Kubin v. Miller, 801 F. Supp. 1101, 1113 (S.D.N.Y. 1992)("[a] court should examine factors such as 'the significance of the matters, weight of the testimony, and availability of other evidence' when considering the necessity of the testimony")(quoting S & S Hotel Ventures Ltd. Partnership v. 777 S. H. Corp., 69 N.Y.2d 437, 508, 515 N.Y.S.2d 735, 739 (1987)); see also Parke-Hayden, Inc. v. Loews Theatre Management Corp., 794 F. Supp. 525, 527 (S.D.N.Y. 1992).

## 2. **The Testimony, if Allowed, would require the Disqualification of Defendant's counsel and Therefore Must Be Further Assessed Against The Disqualification Standard**

Beyond privileged matters, the only conceivable reason to call defense counsel as a witness would be in the hope that he would give testimony intended to refute the Defendant's rendition of facts or else to give evidence that would demonstrate that the Defendant received the order prior to withdrawing money. While the Plaintiff has not sought to disqualify counsel, its efforts to call counsel as a witness are the equivalent.

"The American Bar Association Code of Professional Responsibility (the "Code"), as adopted by the New York courts, establishes the appropriate guidelines for the professional conduct of attorneys in the United States District Courts in this state." King V. Fox, Esq., Legal Vision, Inc. and Lerner, et al, 2005 U.S. Dist. LEXIS 5146 (S.D.N.Y. March 31, 2005)Citing NCK Organization Ltd. v. Bregman, 542 F.2d 128, 129 n.2 (2d Cir. 1976).

Disciplinary Rule 5-102(b) prohibits the representation of a client when the attorney is likely to be called as an adverse witness at trial. The Rule provides:

> If, after undertaking employment in contemplated or pending litigation, a lawyer learns of or it is obvious that the lawyer . . . may be called as a witness other than on behalf of the client, the lawyer may continue the representation until it is apparent that the testimony is or may be prejudicial to the client[,] at which point the lawyer and [his] firm must withdraw from acting as an advocate before the tribunal.

See <u>Rosefield v. Orentreich</u>, 1998 U.S. Dist. LEXIS 13934 at *11 (S.D.N.Y. September 2, 1998). <u>See</u> <u>also</u> <u>Wickes v. Ward</u>, 706 F. Supp. 290, 292 (S.D.N.Y. 1989) (attorney necessarily disqualified where he was one of three witnesses to statements crucial to plaintiff's case); <u>Paretti v. Cavalier Label Co</u>., 722 F. Supp. 985, 986 (S.D.N.Y. 1989)("if a lawyer negotiates, executes, and administers a contract, and is the key witness at trial, then he must be disqualified").

If the Defendant's counsel can offer nothing beyond that to which the Defendant may himself testify, his testimony is clearly unnecessary. If, on the other hand, counsel had something to offer beyond that, it could only be in the form of contradicting the testimony of his own client. Disqualification/withdrawal would be mandatory.

"The proponent of disqualification bears a heavy burden of proof to show that counsel's testimony is necessary." <u>Rosefield v. Orentreich</u>, 1998 U.S. Dist. LEXIS 13934 at *11 (S.D.N.Y. September 2, 1998). When considering the necessity of a lawyer's testimony—now in the context of a disqualification motion—"courts deem a lawyer's testimony necessary <u>only if there [are] no other witnesses to the circumstances at issue</u>." <u>Solow v. Conseco, Inc</u>., 2007 U.S. Dist. LEXIS 40479 (S.D.N.Y. June 4, 2007) (emphasis added).

Here, Mr. Kirtsaen is the only witness the Plaintiff needs and the effort to call his counsel is either *in terrorem* in nature or intentionally invasive of the Defendant's privileges from disclosure. The Plaintiff should be precluded from calling Defendant's counsel as a witness.

## Conclusion

For the foregoing reasons, the Plaintiff should be precluded from calling counsel for the Defendant as a witness at trial.

Dated: New York, New York
**October 14, 2009**

Respectfully submitted:
Sam P. Israel, P.C.

By: _____
Sam P. Israel (SPI0270)
Attorney for Defendant Supap Kirtsaeng
Twenty Third Floor
New York, NY 10006
Tel: 212-201-5345
Fax: 212-201-5343