DUNNEGAN LLC

ATTORNEYS AT LAW

350 FIFTH AVENUE

NEW YORK, NEW YORK 10118

212-332-8300

212-332-8301 TELECOPIER

October 15, 2009

By Hand and E-Mail

Hon. Donald C. Pogue
U.S. Court of International Trade
One Federal Plaza
New York, New York 10278-0001

Re: John Wiley & Sons, Inc. v. Kirtsaeng
08 Civ. 7834 (DCP)

Dear Judge Pogue:

We are attorneys for plaintiff in the above
action. We are writing to request that the Court order
defendant to consent to PACER's production, pursuant to our
subpoena, of his login information for April 28, 2009.

In his declaration filed July 6, 2009, defendant
Supap Kirtsaeng swore that he had not received the April
27, 2009 temporary restraining order at the time he
withdrew $6,400 in U.S. Currency from the Bank of America
on April 28, 2009.

At his deposition on October 1, 2009, Mr.
Kirtsaeng swore that on April 28, 2009, he played golf from
6-7:00 a.m. until about 11:00 a.m. (Tr. 42:10-43:5); that
he returned to his home by 11:15 a.m.(Tr. 43:6-13); that
the next thing that he remembers is going to the Bank to
withdraw the $6,400 in U.S. Currency, at "about before
noon" (Tr. 43:19-44:9); and that within the hour, he
checked his e-mail (Tr. 58:3-19); saw an e-mail from PayPal
indicating that his PayPal account was frozen (Tr. 84:10-
22); logged on to PACER (Tr. 75:23-76:15); received an e-
mail from his attorney (Tr. 92:6-20); called his attorney;
and then logged on to PACER again (Tr. 72:7-73:3).

Hon. Donald C. Pogue
October 15, 2009
Page 2


        In response to a subsequent request, Bank of
America produced earlier today a business record evidencing
that Mr. Kirtsaeng withdrew the $6,400 in U.S. Currency at
12:23 p.m. on April 23, 2009.

        A critical question is: when did Mr. Kirtsaeng
log on to PACER, before or after he went to the Bank of
America?

        To determine the answer to that question, we have
served a subpoena on PACER.  The representative of PACER
responsible for responding to the subpoena has advised us
that PACER routinely moves to quash subpoenas, based upon
privacy concerns.  But, a user can consent to the release
of this information, after which PACER makes it available
within about two hours.  Mr. Kirtsaeng plainly has no
privacy interest in this information, which is plainly
available to another division of the Judiciary.

        We have asked Mr. Kirtsaeng, through Mr. Israel,
on at least two different occasions, to consent to PACER's
disclosure of this information.  Mr. Kirtsaeng has not yet
consented, and we have no reason to believe he will do so
absent a court order.  Because PACER is located in Texas,
we expect any proceeding to quash, or enforce, the subpoena
will be filed in Texas.

        Obviously, if Mr. Kirtsaeng had logged into PACER
on April 28, 2009 before withdrawing the currency from Bank
of America, then Mr. Kirtsaeng has attempted to defraud the
Court in his July 6, 2009 declaration.

        Accordingly, we request that the Court order Mr.
Kirtsaeng to consent to the disclosure by PACER to
plaintiff of his activity on April 27 and 28, 2009.

                        Respectfully yours,

                        William Dunnegan

                        William Dunnegan

Cc: Sam P. Israel, Esq. (By E-mail)


DUNNEGAN LLC