UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

JOHN WILEY &  SONS, INC.,

                                                   08 CV 7834

               **Plaintiff,**

      -against-

SUPAP KIRTSAENG D/B/A BLUECHRISTINE99
and JOHN DOE NOS. 1-5,
               **Defendants**

------------------------------------------------------------------X

## MEMORANDUM OF LAW IN SUPPORT OF MOTION *IN LIMINE* PURSUANT TO FED. R. EVID. RULE 403 TO PRECLUDE PAYPAL SALES RECORDS AS EVIDENCE AT TRIAL

### I.    PRELIMINARY STATEMENT

The Plaintiff John Wiley & Sons, Inc., ("**Plaintiff**" or "**Wiley**") has designated as exhibits for trial certain records of alleged PayPal sales made by Defendant Supap Kirtsaeng ("**Kirtsaeng**" or "**Defendant**"). By the Plaintiff's own admission, however, the sales records cover far more than just sales of foreign editions of the Plaintiff's books.[1] In fact, of the more than one million dollars in sales revenues reflected in the PayPal documents a mere thirty seven thousand dollars are derived from the sales of foreign editions of the Plaintiff's books. The other sales involve a variety of books, including many used books and others published in the Untied States. In view of the fact that the parties have agreed to stipulate to the amount of total sales of Wiley's foreign editions by the Defendant, namely $37,000, the Plaintiff has no need for this evidence. And, whatever cumulative probative value it offers is entirely outweighed by its

---

[1]  Compare Declaration of Patrick Murphy submitted in support of Plaintiff's Motion for An Injunction, as sworn to on April 3, 2009 at ¶12-- in which the Plaintiff's Senior Enforcement Specialist identifies only eight items as Wiley volumes with Exhibit D thereto-- a mere portion

potential for prejudice. The Plaintiff should be precluded from introducing its proposed exhibits 58, 62-65 into evidence at trial.

Undoubtedly, a jury seeing sales in excess of one million dollars is apt to view this number as reflecting the proceeds achieved exclusively by sales of the Plaintiff's foreign editions. In fact, the revenues achieved by the sales of Wiley's books amounted to $37,000 and the profits even far less. It is questionable as to why the jury needs to know the sales figure at all in view of the Plaintiff's election to pursue statutory damages. But assuming that the genuine sales figure was marginally probative, introducing an alternative million dollar sales figure to the jury would not only risk confusion; it would urge it. The jury would be confused on the issue of damages and the information would have a negative impact upon the jury's assessment of the equities (in calculating a statutory amount of recovery). In short, the use of these materials is designed to suggest ostensible wrongdoing of a disproportionate magnitude, to portray the Defendant as *rich*, i.e., someone who can afford to pay high damages and to suggest that he is someone who ought to.

From a neutral perspective there is nothing other than prejudice that can come of this evidence and in the interest of fairness it should be kept out of the trial.

## II.   ARGUMENT

### The Proposed Evidence Is Cumulative and Neither
### Relevant Nor Necessary; It Stands To Be Highly Prejudicial

Fed R. Evidence Rule 403, "Exclusion of Relevant Evidence on Grounds of Prejudice, Confusion, or Waste of Time" provides:

(..continued)
of the PayPal listing, in itself reflecting numerous other titles.

2

> Although relevant, evidence may be excluded if its probative value
> is substantially outweighed by the danger of unfair prejudice,
> confusion of the issues, or misleading the jury, or by
> considerations of undue delay, waste of time, or needless
> presentation of cumulative evidence.

Evidence is prejudicial "when it tends to have some adverse effect upon a defendant beyond tending to prove the fact or issue that justified its admission into evidence." United States v. Figueroa, 618 F.2d 934, 943 (2d Cir. 1980), citing Advisory Committee Note to Rule 403; S. Saltzburg and K. Redden, Federal Rules of Evidence Manual 43 (2d ed. 1978 Supp.). "When material evidence has an additional prejudicial effect, Rule 403 requires the trial court to make a conscientious assessment of whether the probative value of the evidence on a disputed issue in the case is substantially outweighed by the prejudicial tendency of the evidence to have some other adverse effect upon the defendant." United States v. Figueroa, 618 F.2d at 943.

In Old Chief v. United States, 519 U.S. 172 (1997), the Supreme Court addressed potentially prejudicial evidence and asked whether an alternative and less controversial proof was possible. To ignore the inquiry would be to "leave the party offering evidence with the option to structure a trial in whatever way would produce the maximum unfair prejudice consistent with relevance."

> He could choose the available alternative carrying the greatest
> threat of improper influence, despite the availability of less
> prejudicial but equally probative evidence. ... This would be a
> strange rule.

Id. Indeed, the Court held that Rule 403 requires a trial court to consider "evidentiary alternatives." See also F.H. Krear & Co. v. Nineteen Named Trustees, 810 F.2d 1250 (2d Cir. 1987) (trial court excluded expert testimony on excessive fees, where other witnesses were available to address the issue).

3

Here, the exclusion of prejudicial evidence is especially appropriate since the parties are prepared to stipulate to the underlying fact.

> The Committee Notes to Rule 401 explicitly say that a party's concession is pertinent to the court's discretion to exclude evidence on the point conceded. Such a concession, according to the Notes, will sometimes "call for the exclusion of evidence offered to prove [the] point conceded by the opponent ...." Advisory Committee's Notes on Fed. Rule Evid. 401, 28 U.S.C. App., p. 859.

Old Chief v. United States, 519 U.S. 172, 184 (1997).

The jury does not require access to the PayPal records to learn of the amount of revenues achieved on the Defendant's sales of Wiley books since the parties are stipulating to the amount; and, to the extent the documents show  proceeds achieved by Defendant from sales of other goods, the documents are of no moment whatsoever. Yet, by their introduction the jury would be furnished with a highly disproportionate number—one that might be easily confused for the amount of sales proceeds derived solely from Wiley books. [2] Alternatively-- based upon the Pay Pal records-- the jury might hypothesize that the Defendant is a serial or habitual *infringer* and that this larger list contains a more complete assessment of his ostensible gains from such *misconduct*. [3]

---

[2]  At a minimum, the million dollar figure has the obvious propensity to inspire envy.

[3]  Indeed this is likely the true purpose the Plaintiff hopes to serve in seeking to have the evidence admitted. But it is for exactly this reason that it must be kept out. See, e.g., Berkovich v. Hicks, 922 F.2d 1018, 1023 (2d Cir. N.Y. 1991) ("The district court observed, however, that introduction of the prior complaints would 'inflame the situation.' This remark suggests that the court balance the relevance of this evidence against its potential for undue prejudice under Rule 403.... The trial court therefore did not abuse its discretion in finding that the slight probative value of this evidence -- as to a theory of motive, pattern or other less plausible theories of relevance -- was substantially outweighed by its potential for unfair prejudice. Fed Rule of Evidence 406 (habit) is equally preclusive of using such undeveloped evidence for this purpose.

The potential prejudicial effect of numerical records of this kind has been recognized often both in this and in other jurisdictions. See generally United States v. Romaszko, 2002 U.S. App. LEXIS 18618 (2d Cir. N.Y. Sept. 6, 2002)("the Government contends that to admit the annual reports as evidence would improperly suggest that Vacanti took all of the funds, when in fact he pled guilty to taking only a portion of the funds." Court properly excluded the evidence, pursuant to Rule 403, because the probative value of the Annual Reports was substantially outweighed by the danger of confusing or misleading the jury. ); Sheehy v Southern Pac. Transp. Co. 631 F2d 649, 652-53 (9th Cir. 1980)(in FELA case: court held "… that admission of evidence of collateral benefits in this action constitutes reversible error"; "In this case, the verdict could very well have been adversely affected by the alleged error since the plaintiff recovered nothing."); see also Albert v. N.Y. City Sch. Constr. Auth., 99 Fed. Appx. 306 (2d Cir. 2004) (employment discrimination case: statistical report containing evidence of prior discrimination contained incomplete data and was cumulative, and thus, its prejudicial impact and tendency to confuse outweighed its low probative value. "Given the low probative value and high potential for confusion and prejudice, the court's exclusion of the report was not an abuse of discretion.").

In the instant case, the threat of inappropriate conclusions is even exacerbated by the Plaintiff's intention to use the documents without so much as having a live witness available to address their specific contents, limits and parameters. See, e.g., McDougall v Thomas, 17 Fed. Rules Evid. Serv. 353 (D. D.C. Sept. 28, 1984) (without direct medical testimony, probative

(..continued)
E.g. Jablonski v. St. Paul Fire & Marine Ins. Co., 2009 U.S. Dist. LEXIS 65247 (M.D. Fla. July 24, 2009)("In other words, 'conduct admitted as evidence of habit must reflect a systematic response to specific situations to avoid the danger of unfair prejudice that ordinarily accompanies the admission of propensity evidence.'")(citations omitted).

value of hospital records is outweighed by the confusion that such records would cause trier of fact.). Although the threat would remain, if there was a live witness at least the Defendant might propound questions aimed at defining the document <u>and underscoring its-- at best-- limited relevance</u>.[4] Without such testimony the document will be subject to wide open interpretation and unbridled conjecture.

### III.    CONCLUSION

For the foregoing reasons, the Plaintiff should be precluded from introducing the PayPal records (Plaintiff's proposed exhibits 58, 62-65) into evidence at trial.

Dated: New York, New York
    October 23, 2009

Sam P. Israel, P.C.

By: _____

Sam P. Israel, Esq. (SPI 0270)
1 Liberty Plaza, 23rd Floor
New York, NY 10003
(212) 201-5345

---

[4] To the extent that the Court is disinclined to exclude the document, the Defendant respectfully requests that the Court issue a limiting instruction informing the jury of its cumulative nature and limited value.