```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - -x
JOHN WILEY & SONS, INC.,              :
                    Plaintiff,        :
        -against-                     :    08 Civ. 7834 (DCP)
SUPAP KIRTSAENG D/B/A                 :    ECF Case
BLUECHRISTINE99 AND JOHN
DOE NOS. 1-5,                         :
                    Defendants.       :
- - - - - - - - - - - - - - - - - - -x
```

### MEMORANDUM OF PLAINTIFF IN OPPOSITION TO DEFENDANT'S SECOND MOTION <u>IN LIMINE</u>

Plaintiff John Wiley & Sons, Inc. respectfully submits this memorandum in opposition to the second motion <u>in limine</u> of defendant, pursuant to Rule 403 of the Federal Rules of Evidence to exclude his PayPal sales from evidence. The Court should deny defendant's motion because (i) the evidence of defendant's total sales of all items is relevant to the amount of statutory damages that the Jury should award plaintiff to punish and deter defendant, and those similarly situated, and (ii) the risk of unfair confusion is low.

I.

## THE PAYPAL RECORDS ARE RELEVANT TO THE AMOUNT OF STATUTORY DAMAGES THAT THE JURY SHOULD AWARD FOR THE PURPOSES OF PUNISHMENT AND DETERRENCE

A critical issue at trial will be the amount of statutory damages that the Jury will award.  The Court intends to charge the jury as follows:

> "The purpose of statutory damages is to penalize the Defendant and to deter future violations of the copyright laws, both by the defendant and by others."

The PayPal records, that show that defendant had sales of over $1 million dollars, the vast majority of which are books, are relevant on two theories.

First, in determining the amount of statutory damages that are necessary to deter defendant and those similarly situated from engaging in acts of copyright infringement, the jury should consider the extent of defendant's financial resources.

Courts have held that a defendant's financial resources are relevant to the issue of statutory damages. Lowry's Reports, Inc. v. Legg Mason, Inc., 302 F. Supp. 2d 455, 461 (D. Md. 2004)("The wealth of the defendant has been widely recognized as relevant to the deterrent effect of a damages award . . . Accordingly, the jury's consideration of Legg Mason's wealth was a correct application of the deterrent role of statutory damages, and

a new trial is not required as a result of that consideration."); Quackenbush Music, Ltd. v. Alana, Inc., 1992 U.S. Dist. LEXIS 20632, at *5 (D. Mass. 1992) ("Defendant's corporate federal income tax returns are relevant to the issue of statutory damages under section 504(c)(1) in a copyright infringement action.").

These decisions are consistent with the rule that evidence of a defendant's financial resources is relevant to the issue of punitive damages. Watson v. E.S. Sutton, Inc., 2005 U.S. Dist. LEXIS 31578, at *56 n.13 (S.D.N.Y. Sept. 6, 2005)("Any assertion that the jury improperly considered ESS's relative wealth is without merit, as a defendant's wealth is admissible and relevant to punitive damages."); Brink's, Inc. v. New York, 717 F.2d 700, 706-707 (2d Cir. 1983)("Under New York law evidence of a defendant's wealth is admissible on the issue of the amount of punitive damages."); Restatement (Second) of Torts § 908(2)(comment (e)) (1979)("The wealth of the defendant is also relevant, since the purposes of exemplary damages are to punish for a past event and to prevent future offenses, and the degree of punishment or deterrence resulting from a judgment is to some extent in proportion to the means of the guilty person.").

Second, in determining the amount of statutory damages that are necessary to deter defendant and those similarly situated from engaging in acts of copyright infringement, the jury should consider the fact that defendant made profits from selling Foreign Editions of the books of other publishers, and earned profits from those sales for which he has not been (and may never be) held accountable. The degree of discretion in determining the amount of statutory damages is broad. M. Lady, LLC v. AJI, Inc., 2009 U.S. Dist. LEXIS 36212, at *9 (S.D.N.Y. Apr. 29, 2009)("The Court has broad discretion, within the statutory limits, in awarding statutory damages.") A jury could easily conclude that a defendant who has reaped hundreds of thousands of dollars from selling Foreign Editions, and is being sued by a plaintiff which has been the victim of $37,000 of infringing sales merits a higher award of statutory damages than a defendant who has only $37,000 from the sale of Foreign Editions, all of which were plaintiffs.

## II.

### THE RISK OF JURY CONFUSION IS LOW

The Defendant argues that the admission of the PayPal records would confuse the jury into believing that the defendant had sales of over $1 million of Foreign Editions of Wiley works. There is no reason to believe, however, that the Jury would

reach this conclusion, especially given the limited number of issues involved in the trial.

## Conclusion

For the reasons set forth above, Wiley respectfully requests that the Court deny defendant's second motion in limine.

Dated:  New York, New York
        October 26, 2009

DUNNEGAN LLC

By *William Dunnegan*
William Dunnegan (WD9316)
wd@dunnegan.com
Laura Scileppi (LS0114)
ls@dunnegan.com
Attorneys for Plaintiff
  John Wiley & Sons, Inc.
350 Fifth Avenue
New York, New York 10118
(212) 332-8300