UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------x

JOHN WILEY & SONS, INC.,
                              Plaintiff,


          -against-                        08 Civ. 7834 (DCP)

SUPAP KIRTSAENG D/B/A                      ECF Case
BLUECHRISTINE99 AND JOHN
DOE NOS. 1-5,
                              Defendants.

-------------------------------------------------------x

William Dunnegan and Laura Scileppi for the Plaintiff

Sam P. Israel for the Defendant

<u>JOINT PRE-TRIAL ORDER</u>

          At the pretrial conference held on October 22, 2009 before the Hon.

Donald C. Pogue, and attended by counsel, the following matters were discussed and

agreed to, and are hereby ORDERED:

          1.     <u>General</u>.  The parties recognize that this joint pretrial order

controls the subsequent course of the action unless the order is modified by consent of the

parties and the Court, or by order of the Court to prevent manifest injustice.  The attached

schedules, each on a separate sheet, are part of this order.

          2.     <u>Parties and Counsel</u>.  Schedule A sets forth the names of all

parties; the names, addresses and telephone numbers of their respective attorneys, and the

names of trial counsel for each party.

3.      Jurisdiction.   Schedule B-1 sets forth the statutes, legal doctrines, and facts upon which Plaintiff claims jurisdiction.  Schedule B-2 indicates which of these, if any, are contested.

4.      Uncontested Facts.  All material facts that are without substantial controversy are set forth in Schedule C (in the form required by Rule 56).  Material facts that are actually and in good faith controverted and which a party intends to establish at trial, are separately listed in Schedules C-1 and C-2.  Facts not included in these schedules may not be established at trial.

5.      Claims and Defenses.  The parties' claims and defenses are separately listed in Schedule D-1 and D-2.

6.      Damages and Other Relief.  Claims with respect to damages and other relief sought by each party are detailed in Schedules E-1 and E-2.

7.      Waiver of Claims.  The parties waive all claims with respect to liability, damages, and other relief and all affirmative defenses which are not set forth in Schedules D and E.

8.      Triable Issues.  Schedules F-1 and F-2 set forth and separately number the issues of the case, without simply restating the disputed facts.   All legal issues are to be addressed prior to the commencement of the trial.    Schedules F-3 and F-4 set forth the position of the parties on the applicability of 17 U.S.C. § 109.

9.      Witnesses.  Schedules G-1 and G-2 list for the respective parties the witnesses they will or will probably call to testify at the trial, setting forth for each witness (a) name, (b) address, (c) a summary of expected testimony, and, for expert witnesses, (d) a curriculum vitae, (e) the area of expertise, and (f) the basis upon which

the proposing party claims said testimony to be reliable. Once the trial commences, no interruption in the testimony will be permitted.  Any objection to a witness, and the grounds therefore, must be separately stated as Objections to Schedule G-1 and G-2.

10.    Deposition Testimony.  The court notes that  no party proposes to use deposition testimony as evidence on direct presentation of its case.   Accordingly, such use shall not be permitted.

11.    Exhibits.  Schedules H-1 and H-2 list for the respective parties the exhibits to be offered in evidence by that party.  Each list shall identify and describe each exhibit.  Plaintiff's exhibits shall be identified by numbers, Defendant's by letters.  The parties recognize that they will not be allowed to use at trial any exhibits or witnesses not identified in this joint pretrial order except upon prompt notice to all parties and to the Court, and upon a showing of good cause.

12.    Objections to Exhibits.  Schedules I-1 and I-2 list for the respective parties each adversary's exhibits whose authenticity or admissibility are contested.  The parties shall state the specific ground for objection to each contested exhibit listed therein.

13.    Discovery.  All discovery is complete. Undisclosed discovery which surfaces during trial will be deemed untimely and subject to the sanction of exclusion or imposition of a monetary fine, or both.

14.    Jury Trial.  The case will be tried to a jury.  The jury trial is applicable to all aspects of the case.

Additional Filing Prior to Trial in Jury Cases.  As the parties have filed proposed jury instructions, the court will, prior to the pretrial conference, provide the

parties with draft jury instructions.  The parties shall be prepared to discuss these instructions at the pretrial conference. This paragraph does not preclude supplemental requests for additional instructions during the course of trial or at the conclusion of the evidence on matters that cannot reasonably be anticipated unless the Court has directed otherwise, and provided that no request to charge shall be accepted unless made and submitted to the Court twenty-four (24) hours in advance of the time that summation commences.

      15.    <u>Pretrial Legal Memoranda</u>.  Not fewer than seven (7) days before the trial, each counsel shall provide the Court with memoranda of law containing a discussion of any unresolved issue not fully addressed prior to the pretrial conference.

16.    <u>Trial Time</u>.  The trial will take approximately 2 days.

Dated:  New York, New York
       October 28, 2009

DUNNEGAN LLC

By _____
William Dunnegan (WD9316)
wd@dunnegan.com
Laura Scileppi (LS0114)
ls@dunnegan.com
Attorneys for Plaintiff
John Wiley & Sons, Inc.
350 Fifth Avenue
New York, New York 10118
(212) 332-8300

SAM P. ISRAEL, P.C.

By _____
Sam P. Israel (SPI0270)
Attorney for Defendant
Supap Kirtsaeng
Twenty Third Floor
New York, New York 10006
Tel: 212-201-5345
Fax: 212-201-5343

SO ORDERED:

_____
Donald C. Pogue

5

Schedule A
Trial Counsel

A-1.   Counsel for Wiley

William Dunnegan
Laura Scileppi
Dunnegan LLC
350 Fifth Avenue, Suite 4908
New York, New York 10118
Tel: (212) 332-8300
Fax: (212) 332-8301

A-2.   Counsel for Kirtsaeng

Sam P. Israel
Sam P. Israel, P.C.
1 Liberty Plaza 23rd Floor
New York, NY 10006
Tel: 212-201-5345
Fax: 212-201-5343

Schedule B
Statement of Jurisdiction

B-1.        Wiley's Statement of Jurisdiction

This Court has subject matter jurisdiction over Wiley's copyright infringement claim in this action pursuant to 28 U.S.C. § 1331 because it arises under the Copyright Act, 17 U.S.C. § 101 et seq.

B-2.        Kirtsaeng's Statement of Jurisdiction

The Defendant acknowledges that the Plaintiff purports to bring claims under the statutes cited and refers the issue of whether the Court has subject matter jurisdiction to the Court for its determination.

Schedule C
Uncontested Facts

     A.     The Defendant moved to the United States from Thailand in approximately 1997 to pursue a Bachelor of Science degree in mathematics at Cornell University; four years later he was awarded his degree.

     B.     At all times, of the Wiley textbooks the Defendant has sold, the Defendant has received and sold only Wiley textbooks printed abroad by the Plaintiff's authorized Asian subsidiary, Wiley Asia ("Foreign Editions").  The Defendant then sold these Foreign Editions over the internet at lower prices than the prices at which Wiley sells its textbooks.

     C.     Kirtsaeng did not personally bring books from overseas into this country; they were shipped to California *via* UPS express and ocean freight, as directed, by friends and family (who he would later reimburse from sales he would make on eBay). All of the books sold by the Defendant had notices stating that the books are copyrighted in the United States.

     D.     Wiley owns the following United States copyrights for the following works ("Wiley Copyrights"), for which it has received the following Certificates of Registration from the United States Registrar of Copyrights on the following dates:

Title
Date of Registration
Registration Number
Edition Number_____

Accounting Principles
July 13, 1987
TX-2-111-034
First Edition

Fundamentals of Heat and
Mass Transfer
July 28, 2006
TX-6-410-153
Sixth Edition

Fundamentals of Physics:
Part 1,
September 17, 2007
TX-6-827-902
Eighth Edition

Information Technology
for Management
August 20, 2004
TX-6-013-876
Fourth Edition

Introduction to Heat
Transfer
August 14, 2006
TX-6-407-668
Fifth Edition

Management
May 17, 2004
TX-5-964-667
Eighth Edition

Materials Science and Engineering:
An Introduction
June 19, 2006
TX-6-405-304
Seventh Edition

Organic Chemistry
April 19, 1989
TX-2-544-723
Fourth Edition

     E.    Kirtsaeng made sales of the following Foreign Editions after the date of registration of the U.S. copyright, as his PayPal records evidence:

| Title | PayPal Account |
| Date of Registration | Date of Sale |
| Registration Number | Row Number |
| Edition Number_____ | Edition Number |

| Accounting Principles | Trans. Log 2 |
| July 13, 1987 | December 23, 2007 |
| TX-2-111-034 | 20719 |
| First Edition | Eighth Edition |

| Fundamentals of Heat and | |
| Mass Transfer | Trans. Log 2 |
| July 28, 2006 | December 26, 2007 |
| TX-6-410-153 | 20594 |
| Sixth Edition | Sixth Edition |

| Fundamentals of Physics: | |
| Part 1, | Trans. Log 2 |
| September 17, 2007 | August 16, 2008 |
| TX-6-827-902 | 11624 |
| Eighth Edition | Eighth Edition |

| Information Technology | |
| for Management | Trans. Log 2 |
| August 20, 2004 | July 5, 2007 |
| TX-6-013-876 | 25155 |
| Fourth Edition | |

| Introduction to Heat | |
| Transfer | Trans. Log 2 |
| August 14, 2006 | December 28, 2007 |
| TX-6-407-668 | 20373 |
| Fifth Edition | Fifth Edition |

| Management | Trans. Log 2 |
| May 17, 2004 | January 5, 2009 |
| TX-5-964-667 | 4417 |
| Eighth Edition | Ninth Edition |

| Materials Science and Engineering: | |
| An Introduction | Trans. Log 2 |
| June 19, 2006 | August 5, 2007 |
| TX-6-405-304 | 24870 |
| Seventh Edition | |

Organic Chemistry  
April 19, 1989  
TX-2-544-723  
Fourth Edition  

Trans. Log 2  
May 21, 2008  
13792  
Ninth Edition  

   F.  The Wiley textbooks at issue here, which the Defendant has received and sold, are only Wiley textbooks originally acquired from the foreign copyright owner, namely John Wiley & Sons (Asia) Pte Ltd. ("Wiley Asia"), and bear a U.S. copyright notice.

   G.  The books sold by the Defendant were manufactured in accordance with a Reprint Agreement whereby the Plaintiff assigned to Wiley Asia the rights to publish, manufacture, and sell certain of its copyrighted works. There is no claim here that these were counterfeit books.

   H.  The Foreign Editions state on the back cover:

> "Authorized for sale in Europe, Asia, Africa and the Middle East Only. This book is authorized for sale in Europe, Asia, Africa and the Middle East only [and] may not be exported. Exportation from or importation of this book to another region without the Publisher's authorization is illegal and is a violation of the Publisher's rights. The Publisher may take legal action to enforce its rights. The Publisher may recover damages and costs, including but not limited to lost profits and attorney's fees, in the event legal action is required."

   I.  Direct evidence demonstrates that Kirtsaeng received $37,000 in revenue from the sale of Foreign Editions of the eight (8) Wiley works that are the subject of the trial.

   J.  Kirtsaeng made 625 additional sales, during the years 2006 through 2009, of the following titles:

Accounting Principles – 90 sales

Fundamentals of Heat and Mass Transfer - 93 sales

Fundamentals of Physics: Part 1 – 43 sales

Information Technology for Management – 101 sales

Introduction to Heat Transfer – 87 sales

Management – 60 sales

Materials Science and Engineering: An Introduction – 41 sales

Organic Chemistry – 110 sales

C-1.    Wiley's Disputed Material Facts

       1.      Wiley did not consent to the importation into, or sale in, the United States of any of the infringing books that are the subject of this case.

       2.      Kirtsaeng had additional revenue from the sale of copies Wiley's copyrighted works which he did not disclose in discovery.

       3.      Kirtsaeng has provided incomplete evidence of his expenses of his infringing sales.

       4.      Kirtsaeng's infringements were willful.  In addition to seeing the warnings on the books, Kirtsaeng continued to sell infringing Foreign Editions of Wiley's books after notice of this action, and used fraudulent identities to open online accounts.

       5.      Kirtsaeng continues to fail to tell the truth about whether he knew that his sales of the Foreign Editions were unlawful.

       6.      Because Kirtsaeng has not complied with Wiley's document requests in good faith, Wiley cannot determine the full amount of Kirtsaeng's sales. Kirtsaeng provided incomplete records for some accounts.  Kirtsaeng held his accounts in false names, and could have additional accounts in false names.

7. Kirtsaeng moved his profits from his infringing sales to accounts in foreign banks to attempt to avoid being held accountable for his unlawful actions.

8. Kirtsaeng routinely sold foreign editions of the works of other copyrights owners, for which he has not been, and may never be, held accountable.

C-2.        Kirtsaeng's Disputed Material Facts

1. The Defendant sold text books to pay for his education at the University of Southern California.

2. Before selling any books in the US, the Defendant researched the legality of selling books manufactured overseas in the US; in this process, the Defendant obtained an opinion stating unequivocally that such sales would comport with US copyright law.

3. All of the books sold by the Defendant had notices stating that the books are copyrighted in the United States by Wiley.

4. The Wiley books sold by the Defendant and published by Wiley Asia had the exact same content and were of "comparable quality and appearance" as the version published in the United States.

5. The inside flaps of the Wiley books sold by the Defendant state that their copyright is owned by Wiley Asia.

6. Wiley made profits equal to 10% on the sales of books purchased by the Defendant for resale in the United States.

Schedule D
Claims and Defenses

D-1.        Wiley's Claims

        a.        Wiley has asserted a claim for copyright infringement under 17

U.S.C. § 501.

        b.        Wiley has asserted trademark infringement and unfair competition

claims, which it hereby voluntarily dismisses.

D-2.        Kirtsaeng's Defenses

        a.        As to the Issue of Infringement:

Schedule E
Damages and Other Relief

E-1.   Wiley's Statement

Wiley seeks statutory damages pursuant to 17 U.S.C. § 504(c).  The Jury should award statutory damages between (i) $6,000, representing the infringement of 8 works at $750 per work, and (ii) $1,200,000 representing the infringement of 8 works at $150,000 per work.

Wiley also seeks its costs in this action, including reasonable attorneys' fees, pursuant to 17 U.S.C. § 505.  The Court should determine those amounts after the verdict.

In addition, Wiley seeks a permanent injunction under 17 U.S.C. § 501.


E-2.                   Kirtsaeng's Statement

1. Absence of Willfulness

Under the Copyright Act, a plaintiff may receive up to $150,000 in statutory damages only if "the infringement was committed willfully." 17 U.S.C. § 504(c)(2). Assuming that there were infringements—clearly the Defendant did not willfully infringe any of Wiley's copyrights as is evidenced by research materials produced to the Plaintiff (which support the Defendant's understanding his sales were in accordance with and not violations of US copyright laws) and by the fact that he openly identified the books he was selling as foreign editions.

> In a case where the copyright owner sustains the burden of proving, and the court finds, that infringement was committed willfully, the court in its discretion may increase the award of statutory damages to a sum of not more than $150,000. In a case where the infringer sustains the burden of proving, and the court finds, that such infringer was not aware and had no reason to believe that his or her acts

15

> constituted an infringement of copyright, the court in its
> discretion may reduce the award of statutory damages to a
> sum of not less than $ 200.

17 USCS § 504 (emphasis added). See Island Software & Computer Serv. v. Microsoft

Corp., 413 F.3d 257, 263 (2d Cir. 2005)("To prove 'willfulness' under the Copyright

Act, the plaintiff must show (1) that the defendant was actually aware of the infringing

activity, or (2) that the defendant's actions were the result of "reckless disregard" for, or

'willful blindness' to, the copyright holder's rights.") (citing In re Aimster Copyright

Litigation, 334 F.3d 643, 650 (7th Cir. 2003); Lipton v. Nature Co., 71 F.3d 464, 472 (2d

Cir. 1995); N.A.S. Import Corp. v. Chenson Enters., Inc., 968 F.2d 250, 252 (2d Cir.

1992); Yurman Design, Inc. v. PAJ, Inc., 262 F.3d 101, 112 (2d Cir. 2001).

2. Equitable Consideration in An Assessment of Statutory Damages

Even beyond the issue of willfulness (a finding plainly not available on the facts

before the Court), "[t]he court has wide discretion in determining the amount of statutory

damages to be awarded, constrained only by the specified maxima and minima."

Columbia Pictures Television v. Krypton Broad., 106 F.3d 284, 296 (9th Cir. 1997); see

also Shapkin/Crossroads Prods. v. Legacy Home Video, 1997 U.S. App. LEXIS 23175

(9th Cir. Cal. Aug. 29, 1997). Here, the Court should, within its discretion, opt for the

minimum amount of statutory damages in that, at best, the issue of infringement is a *close

call,* and not one readily apparent to the legal community, no less to an untrained foreign

student who conducted due diligence into the legality of his anticipated sales and was

assured of their propriety under existing law.

A further equitable consideration is the fact that the Plaintiff made sales on each

of the books purchased for resale by the Defendant.

Based upon the foregoing, any statutory award should be limited to $6,000.

Finally, the fact that the Defendant fully disclosed that he was selling foreign editions of the books evidences clean hands; i.e., he was not seeking to pass off the foreign manufactured books as US made volumes.  The Defendant submits that this, too, favors a minimal measure of statutory damages.

Schedule F
Triable Issues

F-1.          Wiley's Statement of Triable Issues

By The Jury

1.          Did Kirtsaeng infringe the Wiley Copyrights by selling in the United States, without permission, copies of Wiley's Foreign Editions?

2.          Did Kirtsaeng willfully infringe each of the Wiley Copyrights?

3.          What amount of statutory damages should Wiley be awarded for Kirtsaeng's acts of copyright infringement for each of Wiley's Copyrights?

By The Court

4.          Should the Court enjoin Kirtsaeng from further infringing Wiley's copyrights?

5.          Should the Court award Wiley its costs, including reasonable attorneys' fees?

6.          Does 17 U.S.C. § 109 apply to books printed outside of the United States with the authority of the United States copyright owner, but imported into the United States without the permission of the United States copyright owner?

F-2          Kirtsaeng's Triable Issues

        1.     Should the Defendant be found to have willfully infringed the Plaintiff's copyrights where he conducted research on the importation issue and his research specifically indicated that his sales would not comprise infringement?

Schedule G<br>List of Witnesses

1.          Wiley's Witnesses

        Patrick Murphy
        John Wiley & Sons, Inc.
        111 River Street
        Hoboken, New Jersey 07030-5774

        Wiley expects to call Patrick Murphy to testify about the business of Wiley, Wiley's copyrights, Wiley's printings of books for different parts of the world, Wiley's copyright enforcement program and Wiley's investigation of Kirtsaeng.

        Supap Kirtsaeng
        3637 Mentone Avenue, Apartment 3
        Los Angeles, California 90034

        Wiley expects to call Kirtsaeng to testify as to all matters constituting, referring, or relating to this action, including his education, his infringing sales of Wiley's copyrighted textbooks, his business of selling books, and his state of mind concerning the legality of his sales of Wiley's books printed outside of the United States and imported without Wiley's consent.

2.          Kirtsaeng's Objections to Wiley's Witnesses

Defendant reserves his right to object to the appearance of Gervaise Mourlet as a witness at trial.

3.        Kirtsaeng's Witnesses

Defendant expects to call the following witnesses:

Patrick Murphy

Defendant expects to call Patrick Murphy to testify about the assignment of Wiley's copyrights to other companies abroad, Wiley's profits on sales of foreign editions and other aspects of Wiley's international business affairs.

Supap Kirtsaeng

Defendant expects to call Mr. Kirtsaeng, among other things, to testify concerning the efforts he had undertaken to ensure that his sales of foreign books in the United States would be lawful.

4.        Wiley's Objections to Kirtsaeng's Witnesses

Wiley believes that each witness should take the stand only once and that objections as to the scope of cross-examination should be waived.

Defendant presses his right to call witnesses independently.

Schedule H
Exhibits

H-1.        Wiley's Exhibits

| TX | DX | Bates | Date | Description |
|----|----|----|----|----|
| 1 | | 1-2 | 7/13/87 | Copyright Certificate for Accounting Principles |
| 2 | | 21-22 | 7/28/06 | Copyright Certificate for Fundamentals of Heat and Mass Transfer |
| 3 | | 27-29 | 9/17/07 | Copyright Certificate for Fundamentals of Physics – Part 1 |
| 4 | | 33-34 | 8/20/04 | Copyright Certificate for Information Technology for Management |
| 5 | | 39-40 | 8/14/06 | Copyright Certificate for Introduction to Heat Transfer |
| 6 | | 45-46 | 5/17/04 | Copyright Certificate for Management |
| 7 | | 47-48 | 6/19/06 | Copyright Certificate for Materials Science and Engineering: An Introduction |
| 8 | | 55-56 | 4/19/89 | Copyright Certificate for Organic Chemistry |
| 9 | | | undated | United States Edition of Accounting Principles |
| 10 | | | undated | Foreign Edition of Accounting Principles |
| 11 | | | undated | United States Edition of Fundamentals of Heat and Mass Transfer |
| 12 | | | undated | Foreign Edition of Fundamentals of Heat and Mass Transfer |
| 13 | | | undated | United States Edition of Fundamentals of Physics |
| 14 | | | undated | Foreign Edition of Fundamentals of Physics |
| 15 | | | undated | United States Edition of Information Technology for Management |
| 16 | | | undated | Foreign Edition of Information Technology for Management |

| 17 | | undated | United States Edition of Introduction to Heat Transfer |
| 18 | | undated | Foreign Edition of Introduction to Heat Transfer |
| 19 | | undated | United States Edition of Management |
| 20 | | undated | Foreign Edition of Management |
| 21 | | undated | United States Edition of Materials Science and Engineering: An Introduction |
| 22 | | undated | Foreign Edition of Materials Science and Engineering: An Introduction |
| 23 | | undated | United States Edition of Organic Chemistry |
| 24 | | undated | Foreign Edition of Organic Chemistry |

25-32 unused

| 33 | B | 3/13/09 | Kirtsaeng's response to Wiley's Document Requests |
| 34 | G | 9/8/08 | eBay auction listing [ the extent of inclusion of eBay |

records is not resolved.]

| 35 | H | 9/8/08 | eBay auction listing |
| 36 | I | 9/8/08 | eBay auction listing |
| 37 | J | 9/8/08 | eBay feedback |
| 38 | K | 4/22/09 | eBay items for sale |
| 39 | L | 4/22/09 | eBay auction listing |
| 40 | M | 4/22/09 | eBay auction listing |
| 41 | N | 4/22/09 | eBay feedback |
| 42 | O | 4/22/09 | eBay feedback |
| 43 | P | 4/22/09 | eBay feedback |
| 44 | Q | 4/22/09 | eBay feedback |

| 45 | R | | 4/22/09 | eBay feedback |
| 46 | S | | 8/28/08 | PayPal receipt of Mourlet |
| 47 | T | | 8/28/08 | Gmail receipt of Mourlet |
| 48 | U | | 9/2/08 | PayPal receipt of Mourlet |
| 49 | V | | 9/2/08 | Package label sent from Kirtsaeng to Mourlet |
| 50 | W | | undated | Foreign Edition of Management |
| 50A | W | | undated | Foreign Edition of Management 3-Page Photocopy |
| 51 | X | | undated | Foreign Edition of Materials Science and Engineering 2-Page Photocopy |
| 52 | Y | | undated | Foreign Edition of Introduction to Heat Transfer 2-Page Photocopy |
| 53 | Z | | undated | Foreign Edition of Accounting Principles 1-Page Photocopy |
| 54 | AA | | undated | Foreign Edition of Physics 1-page Photocopy |
| 55 | AB | | undated | Foreign Edition of Fundamentals of Heat and Mass Transfer 1-Page Photocopy |
| 56 | AC | | undated | Foreign Edition of Information Technology for Management 1-Page Photocopy |
| 57 | AH | | undated | Kirtsaeng's disclosed sales |
| 58 | AI | | undated | PayPal transaction log  [excluded subject to a claim for use |

in rebutting Kirtsaeng's claim of lack of means, if any.]

| 59 | AJ | PP1 | 4/20/09 | Declaration of Melody Fry |
| 60 | AJ | PP2 | 4/17/09 | Declaration of Melody Fry |
| 60A | | PP4 | 7/14/09 | Declaration of Stephanie Vigil |
| 61 | AJ | PP3 | 4/28/09 | Letter from Melody Fry |

62                              PayPal CD-Rom [excluded subject to a claim for use in rebutting Kirtsaeng's claim of lack of means, if any.]

63      AK          4/17/09      PayPal FIT Pages [excluded subject to a claim for use in rebutting Kirtsaeng's claim of lack of means, if any.]

64      AL          undated      Reduced PayPal Transaction Log [excluded subject to a claim for use in rebutting Kirtsaeng's claim of lack of means, if any.]

65      AO    E3-E9 4/20/09      Declaration of Janet M. Wagner [excluded subject to a claim for use in rebutting Kirtsaeng's claim of lack of means, if any.]

66      AP          undated      eBay Registration Form

67                              eBay CD-Rom

68                  undated      Copyright Registration Sales Chart (Rule 1006)


H-2.      Kirtsaeng's Exhibits

1.      Google search results and blog on the issue of the legality of selling books published overseas in the United States.

2.      Covers of Foreign Editions and copyright notice pages of Foreign Editions.

3.      English Language Reprint Agreement between Wiley and Wiley India dated May 1, 2006 and bearing bates nos. 000573-585.

4.      Plaintiff's pleadings, legal memoranda and discovery responses.

Schedule I

## Objections to Exhibits

I-1   <u>Kirtsaeng's Objections to Wiley's Exhibits</u>

Exhibit 34.   Defendant's Objection to Use at trial: Hearsay and authentication.

Exhibit 35.   Defendant's Objection to Use at trial: Hearsay and authentication.

Exhibit 36.   Defendant's Objection to Use at trial: Hearsay and authentication.

Exhibit 37.   Defendant's Objection to Use at trial: Hearsay and authentication.

Exhibit 39.   Defendant's Objection to Use at trial: Hearsay and authentication.

Exhibit 40.   Defendant's Objection to Use at trial: Hearsay and authentication.

Exhibit 41.   Defendant's Objection to Use at trial: Hearsay and authentication.

Exhibit 42.   Defendant's Objection to Use at trial: Hearsay and authentication.

Exhibit 43.   Defendant's Objection to Use at trial: Hearsay and authentication.

Exhibit 44.   Defendant's Objection to Use at trial: Hearsay and authentication.

Exhibit 45.   Defendant's Objection to Use at trial: Hearsay and authentication.

Exhibit 46.   Defendant's Objection to Use at trial: Hearsay and authentication.

Exhibit 47.   Defendant's Objection to Use at trial: Hearsay and authentication.

Exhibit 48.   Defendant's Objection to Use at trial: Hearsay and authentication.

Exhibit 58.   Defendant's Objection to Use at trial: Hearsay and authentication.

Exhibit 59.   Defendant's Objection to Use at trial: Hearsay.

Exhibit 60.   Defendant's Objection to Use at trial: Hearsay.

Exhibit 60A.   Defendant's Objection to Use at trial: Hearsay.

Exhibit 61.   Defendant's Objection to Use at trial: Hearsay and authentication.

Exhibit 62.   Defendant's Objection to Use at trial: Hearsay and authentication.

Exhibit 63.      Defendant's Objection to Use at trial: Hearsay and authentication.

Exhibit 64.      Defendant's Objection to Use at trial: Hearsay and authentication.

Exhibit 65.      Defendant's Objection to Use at trial: Hearsay.

Exhibit 67.      Defendant's Objection to Use at trial: Hearsay and authentication.