UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| John Wiley & Sons, Inc. <br>                 Plaintiff, <br><br> v. <br><br> Supap Kirtsaeng *et al.* <br>                 Defendant. | Civil Action No. 08-cv-7834-DCP |

**DECLARATION OF CHUCK CHANDLER IN SUPPORT OF DEFENDANT SUPAP KIRTSAENG'S MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES**

I, Chuck Chandler, hereby declare, pursuant to 28 U.S.C. § 1746, as follows:

## BACKGROUND

1.  I am a Partner at Valeo Partners LLP, which is an international Advisory firm located in Washington, D.C.  I am involved in all aspects of the Valeo Attorney Hourly Rates Database, including its research, preparation, presentation, marketing and client relations, and thus I am familiar with both how it is developed and how it is used.  Prior to joining Valeo Partners, I was a Director at Thomson Reuters and a Vice President at CourtEXPRESS (acquired by Thomson Corporation in 2005).  I have worked in the legal information industry since 1990.

## VALEO PARTNERS MISSION

2.  The Mission of Valeo Partners is to provide factual, verifiable and actionable hourly rate and fee information to our Clients – Private Law Firms and Corporate Counsel – that they can use to make important monetary decisions.

3.  In order to do this, Valeo Partners developed the Attorney Hourly Rates Database, which lists hourly rates by Individual Attorney and Support Staff (Paralegals, Clerks, Librarians etc.).  In addition to the hourly rates listed by Individual Attorney, the Valeo database also lists the Law Firm of the Attorney, Position (Partner, Counsel and Associate), Practice Area(s), City of Practice, Graduation Year, Bar Year, Clients Represented, Industry of the Client (NAIC and SIC) and Other Matters worked.

4.  Providers (Law Firms) and purchasers (Clients) of legal services rely on the Valeo Attorney Hourly Rates database to determine the going-rate for Attorneys at over 500 large, middle-market and boutique Law Firms (U.S. and International) in over 80 Practice Areas and in over 300 U.S. and International cities.  Valeo lists actual market rates – the rates an Attorney actually billed a Client - as collected from any online accessible court.  Valeo's researchers regularly monitor court filings for information on the actual rates that Attorneys are declaring in such filings as Motions for Attorneys Fees in U.S. State and Federal District Courts and Court of Federal Claims and Bankruptcy Fee Petitions and Applications to Bankruptcy Courts for approval

to work on a matter (where the lawyer's actual rates to be charged are shown). Additionally and as aforementioned, Valeo allows the user to make their own direct, head-to- head comparisons by providing the individual Attorneys' names, Hourly Rates, Firms, Practice Areas, Cities of Practice, and Experience (Graduation and Bar Years) rather than a blind composite of bundled hourly rates as often found in surveys, e-billing reports, peers services, matrices and indices.

5.      Valeo's clients rely on it for a variety of purposes.  For example, Law Firms use the Valeo Attorney Hourly Rates database to, among other things, establish the appropriateness of their rates in court or in situations where their rates are disputed, price their services firm wide or on a deal-by-deal, case-by-case basis, and justify their rates to their clients vis-à-vis their competitors.  Corporate Counsel can use the database to, among other things, ensure that they are receiving the best rates from their Outside Counsel, choose new outside counsel based on cost, experience and expertise, and negotiate better rates with their Outside Counsel.

6.      Valeo has been used in over 1,000 U.S. Federal and State Court Cases. The most recent case citations are available upon request.

## SCOPE OF THE ANALYSIS

7.      Orrick Herrington & Sutcliffe LLP engaged Valeo Partners to:

a.      Analyze the hourly rates of and hours worked by its Attorneys who worked and billed time to the Kirtsaeng v. Wiley case initiated in the Southern District of New York and then appealed to the Supreme Court of the United States.

b.      Determine the reasonableness of those rates relative to Attorneys of the same experience (as measured by Graduation From Law School Year and / or Bar Admittance Year, if Graduation Year was not available) for Firms equivalent in expertise (10 or more major practice areas) and in annual revenue (2012 AMLAW 50 Rankings).  Orrick was ranked #27 on that list.

c.      Determine the reasonableness of the hours required to win a landmark Intellectual Property case in the Supreme Court of the United States.

## METHODOLOGY

8. In order to perform the analysis, Valeo Partners utilized the Valeo Attorney Hourly Rates Database and the Valeo 2014 Rate Forecast Report – a derivative and analytical summary of the Database. Valeo compared the hourly rates of each Orrick Attorney categorized by Position (Senior Partner, 15 years or more of experience from Graduation or Bar Year, Senior Associates, 5 or more years of experience and Associates, less than 5 years of experience). The results were three-fold as follows:



**Kirtsaeng v. Wiley & Sons**

| Orrick Senior Partners | 2011 | 2012 | 2013 | AVG |
|---|---|---|---|---|
| Rosenkranz | $985 | $1,020 | $1,020 | $1,008 |
| Hurst | $820 | $850 | $850 | $840 |
| Simpson | $785 | $795 | $795 | $792 |
| Orrick Sr. Partner Average | $863 | $888 | $888 | $880 |
| Valeo AMLAW 50 Average | $827 | $876 | $944 | $882 |
| % | | | | -0.27% |

| Orrick Senior Associates | 2011 | 2012 | 2013 | AVG |
|---|---|---|---|---|
| Shapiro | $530 | $575 | - | $553 |
| Ginsberg | - | $615 | $615 | $615 |
| Orrick Sr. Associate Average | $530 | $595 | $615 | $584 |
| Valeo AMLAW 50 Average | $556 | $590 | $642 | $596 |
| % | | | | -2.10% |

| Orrick Associates | 2011 | 2012 | 2013 | AVG |
|---|---|---|---|---|
| Feerst | $330 | $450 | $450 | $410 |
| Lenning | - | $355 | $450 | $403 |
| Orrick Associate Average | $330 | $403 | $450 | $406 |
| Valeo AMLAW 50 Average | 474 | $514 | $549 | $512 |
| % | | | | -26.11% |

3

9. First, the Mean (Average) Orrick Partner rates were slightly less (-.27%) than the average to those of their AMLAW 50 Firms. It is important to note also, as listed in the Valeo Attorney Hourly Rates Database, that for Partners at the Top 50 Firms, rates can go as high as $1,800 (Gibson Dunn), $1,400 (Sullivan & Cromwell), $1,250 (Kirkland), $1,220 (Skadden), $1,200 (Morrison Foerster), $1,195 (Shearman & Sterling) and $1,160 (Milbank).

10. The Mean Orrick Senior Associate rates were also less (-2.10%) than their peers at comparable Firms. Senior Associate hourly rates can bill as high as $970 to a high-mid range of $725 (Proskauer), $700 (Akin Gump) and $670 (Cooley).

11. The Mean for Orrick Associates was well below the average at -26.11%. Associate rates for the AMLAW 50 have increased more than at any other Position. This was not the case for the two Orrick Associates who billed time to the Kirtsaeng case.

2014 Valeo Rate Forecast Report: Rates and Projections for the Top 200

## AMLAW Top 50

| AMLAW 50 | 2008 | 2009 | 2010 | 2011 | 2012 | 2013 | 2014 Forecast |
|---|---|---|---|---|---|---|---|
| Senior Partner | $672 | $797 | $799 | $827 | $876 | $944 | $1,012 |
|  |  | 19% | 0% | 4% | 6% | 8% | 7% |
| Partner | $574 | $663 | $669 | $700 | $736 | $795 | $849 |
|  |  | 15% | 1% | 5% | 5% | 8% | 7% |
| Counsel | $534 | $665 | $641 | $669 | $733 | $806 | $880 |
|  |  | 25% | -4% | 4% | 10% | 10% | 9% |
| Senior Associate | $430 | $515 | $528 | $556 | $590 | $642 | $695 |
|  |  | 20% | 2% | 5% | 6% | 9% | 8% |
| Associate | $358 | $433 | $441 | $474 | $514 | $549 | $597 |
|  |  | 21% | 2% | 7% | 9% | 7% | 9% |
| Overall | $509 | $585 | $592 | $626 | $674 | $723 | $777 |
|  |  | 15% | 1% | 6% | 8% | 7% | 7% |



An exclusive report by VALEO PARTNERS

3

5

12. Second, Valeo looked at the Median (Midpoint) Rank of each Orrick Attorney's rates relative to their Peers. This analysis takes a list of all attorneys in our database who meet the same criteria (Senior Partner, Senior Associate, Associate, as described above) and ranks them in order of rate to determine the midpoint. The detailed analysis, due to the number of names and hourly rates is too large to include here but can be provided on a disk upon request. For Partners, there were 1,312 Partners who met the criteria (as set forth in Methodology) with a Median of 656. Rosenkranz was ranked #254, Hurst #753 and Simpson #886. So, 2 Partners were under the Median and 1 Partner was over it. For Senior Associates, 1054 Associates matched-up with the search criteria, with a Median of 527. Ginsberg was ranked #576 and Shapiro was #767. Both below the Median. Lastly, for Associates, the matching Associates counted 785 with a Median of 393. Feerst was ranked #604 and Lenning #623; both, just as in their average hourly rates, well below the Median.



| Orrick Partners | | # | Avg Rate |
|---|---|---|---|
| Rosenkranz | | 254 | $1,008 |
| | Median | 656 | $880 |
| Hust | | 753 | $840 |
| Simpson | | 886 | $792 |
| **Orrick Senior Associates** | | | |
| | Median | 527 | $630 |
| Ginsberg | | 576 | $615 |
| Shapiro | | 767 | $553 |
| **Orrick Associates** | | | |
| | Median | 393 | $495 |
| Feerst | | 604 | $410 |
| Lenning | | 623 | $403 |

6

13. Third, Orrick's Attorneys' Rates from 2012 to 2013, with the exception of Lenning's, were not increased while the broader market average – the AMLAW 50 – rates increased significantly: 8% for Partners, 9% for Senior Associates and 7% for Associates. This suggests conservatism on the part of Orrick.

14. With respect to the reasonableness of the hours spent in winning an appeal at the U.S. Supreme Court level, Valeo Partners searched numerous databases for cases involving fee motions following a remand from the Supreme Court. Most of these matters, however, lacked the details necessary for a sufficient analysis – either they did not contain hours by task that would allow isolation of the Supreme Court phase of the case, or the motions sought lump sum amounts of fees and hours with no detail. Others were sealed, so although we were able to observe fee requests in the range, and higher than those sought here (in one case that went up on appeal to the Supreme Court, $6,000,000 in fees were being sought), the detailed records were not obtainable so we were unable to get sufficient data to analyze. We were able to get access to the details on the following two motions, which by virtue of the firms involved, are applicable here:

    a. <u>Edmund G. Brown, Jr. v. Entertainment Merchants Association and Entertainment Software Association</u> (Supreme Court of the United States No. 08-1448 / 9th Circuit 07-16620 / CAND 05-4188): In this case, Jenner & Block sought fees for their work on the Supreme Court appeal in this case, including preparing and filing an opposition to a petition for certiorari, preparing and filing a brief, preparing and filing an appendix, communicating with *amici*, and preparing for and participating in oral argument. *See* Exhibit A (this is Jenner's brief seeking fees which cite extensively to the Hellman Declaration; that declaration is not publicly available, but the brief lays out sufficient detail for our analysis). At the time of this filing, Jenner sought fees for work completed in 2009 and 2010 – although they indicated that they were seeking fees for 2011,

7

        those fees were not available on the date of this filing. Thus, the total fees sought are likely to be even higher than the numbers to which we have access. Jenner's motion sought fees totaling $1,081,625 (for 2009 and 2010) for 2156 hours worked and recorded. Their motion was granted on 4/19/12.

    b. <u>Shelby County, Alabama v. Eric H. Holder, Jr., Attorney General, et al</u> (Supreme Court of the United States 12-00096 / DC Circuit 11-05256 / DC District 1:10-00651): In this recently filed motion, Wiley Rein seeks fees for its work on this case, from district proceedings up to and including its appeal to the U.S. Supreme Court. In total, Wiley's fees for this matter, as identified in its supporting declaration, total approximately $2,400,000, with hours of 4,632. *See* Exhibit B. After totaling its fees, Wiley indicates in its filing that it is seeking from the court an award in the amount of $2,000,000, after taking some across-the-board discounts for inefficiencies and administrative tasks. For the Supreme Court portion of the petition, Wiley seeks fees for its work on the certiorari petition, coordination of *amici*, drafting its merits brief and its reply brief and preparing for and mooting for oral argument. Totaling the fees identified for the Supreme Court portion of the case, they total $1,093,050 in Fees for 1836 hours worked (this does not account for the across the board discount that Wiley took on its total fees). This fee application seeks work for fees billed in 2012 and 2013. The request is currently pending.

For comparison, Orrick's hours on Kirtsaeng were 3,143.70 and its Total Fees were $1,884,230 both of which were to be expected due to the complex nature and uniqueness of Kirtsaeng, as detailed in the Declaration of E. Joshua Rosenkranz; this was the first Copyright case heard by the Supreme Court in 20 years. Additionally, an analysis of Blended Rates (Total Billings divided by Total Hours), a measure of staffing efficiency, Orrick, the largest of the 3 Firms (AMLAW 2012 Rank of 27) had a Blended Hourly Rate of $599.37, only slightly higher than that of Wiley Rein, a much smaller Firm (AMLAW 2012 Rank of 127), at $595.18 an hour and

8

Jenner (AMLAW 2012 Rank of 75) at $501.68 (unadjusted through 2010) and $570.53 (adjusted to 2013 using Jenner's annual rate increase for all Attorney Positions of 4.38% from 2010 to 2013 from the Valeo 2014 Rate Forecast Report). Geographical differences also translate into a slightly higher bill rate for Orrick since most of its hours were billed by New York-based Attorneys followed by their colleagues in San Francisco and Washington, DC. Those three Cities, in that order, are the highest cost domestic cities in the Valeo 2014 Rate Forecast Report for 2008 - 2013. Staffing the case with New York-based attorneys made sense for the Client since the underlying matter originated in the Southern District of New York. Wiley Rein and Jenner & Block, in their respective cases, were staffed principally with Washington, DC-based Attorneys.

## **CONCLUSION**

15. After calculation of the Mean and Median Hourly Rate, my conclusion is that Orrick's Attorneys' hourly rates were, in most cases, much less than what comparable Attorneys at competitor Firms would have charged. Only 1 Orrick Attorney, Rosenkranz, of the 7 Orrick Attorneys was above the Mean and Median, the other 6 Attorneys were well below both the Mean and Median. With respect to Mr. Rosenkranz, his average rate of $1008 is well below that of several of his peers practicing in the Supreme Court and Appellate area, including that of Ted Olsen at Gibson Dunn who argued this case against Mr. Rosenkranz; Mr. Olsen's reported hourly rate is $1800. Additionally, Orrick could have increased its hourly rates from 2012 to 2013 as did its competitor Firms but did not. This represents an implied savings for the Client.

16. Additionally, given the scope and the magnitude of Kirtsaeng, Orrick's hours were reasonable when compared to those of Jenner & Block in Brown v. Entertainment and Wiley Rein in Shelby County.

17. For these reasons, I believe that Orrick's hourly rates are at or below the market for comparably experienced Attorneys at similarly sized Firms, practicing in the major cities of New York, San Francisco and Washington, DC and the hours expended to win a favorable

judgment from the Supreme Court of the United States, after losing in both the District and Appellate Courts, on a case as significant as Kirtsaeng, are fair and reasonable. Additionally, as measured by its Blended Hourly Rate on the engagement, which was only slightly higher than two much smaller firms, I believe that Orrick provided the highest value to its Client by balancing the use of its most experienced Partners with less expensive but competent Specialists. As a result of this analysis, it is my opinion that Orrick should be awarded $1,884,230, 100% of its Attorneys' Fees, in this matter.

**Timekeeper Chart**

| Row Labels | Sum of Bs Hrs | Sum of Base Amt |
|---|---|---|
| Feerst, Alex Jonathan | 524.00 | 223,356.00 |
| Ginsberg, Brian D. | 346.20 | 212,913.00 |
| Greenfield, Juanita M. | 208.65 | 52,162.50 |
| Hurst, Annette L. | 227.80 | 191,620.00 |
| Lenning, Nicholas F. | 431.70 | 153,253.50 |
| Rosenkranz, Joshua | 455.10 | 461,895.50 |
| Shapiro, Marc R. | 711.25 | 399,444.50 |
| Simpson, Lisa T. | 239.00 | 189,585.00 |
| **Grand Total** | **3,143.70** | **1,884,230.00** |

Source: Wiley v. Kirtsaeng, New York Southern District Court, Case # 08-cv-07834, Filing # 95, Rosenkranz Declaration in Support of Motion, Exhibit J

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 20th day of November, 2013, at New York, New York.

_____
Chuck Chandler