**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

JOHN WILEY & SONS, INC.,

                Plaintiff,

          v.

SUPAP KIRTSAENG,

                Defendant.

Court No. 08-cv-07834 (DCP)[1]

OPINION AND ORDER

[denying defendant's motion for an award of attorneys' fees and reimbursement of litigation expenses]

Dated: December 20, 2013

        Matthew J. Oppenheim, Scott A. Zebrak and Kerry M. Mustico, Oppenheim + Zebrak, LLP, of Washington, DC, for the Plaintiff.

        Sam Israel and Eleonora Zlotnikova, of New York, NY, for the Defendant.  Of counsel on the brief was E. Joshua Rosenkranz, Orrick, Herrington & Sutcliffe LLP, of New York, NY.

        **Pogue, Judge:**  Plaintiff, John Wiley & Sons, Inc. ("Wiley"), a domestic publisher of academic textbooks, brought this copyright action to enforce its exclusive rights to import and distribute certain copyrighted work, printed and sold abroad by its wholly owned foreign subsidiary.  Defendant, Supap Kirtsaeng ("Kirtsaeng"), an importer and reseller of Wiley's

---

[1] Chief Judge Donald C. Pogue of the United States Court of International Trade, sitting by designation.

foreign edition textbooks, successfully defended the action by establishing that his U.S. sales of books "lawfully made under" the Copyright Act and legitimately acquired abroad were permitted by the Copyright Act's "first sale" provision. See 17 U.S.C. § 109(a) (2006).  As the prevailing party, Defendant now seeks, by motion, an award of attorneys' fees and reimbursement of litigation expenses,[2] pursuant to 17 U.S.C. § 505 ("Section 505").[3]  Because Plaintiff's claim was not

---

[2] See Notice of Mot. for an Award of Attorneys' Fees & Reimbursement of Litig. Expenses, ECF No. 93; Decl. of Sam P. Israel in Supp. of Def. Supap Kirtsaeng's Mot. for an Award of Attorneys' Fees & Reimbursement of Litig. Expenses, ECF No. 94 ("Israel Decl."); Decl. of E. Joshua Rosenkranz in Supp. of Def. Supap Kirtsaeng's Mot. for an Award of Attorneys' Fees & Reimbursement of Litig. Expenses, ECF No. 95; Mem. of L. in Supp. of Def. Supap Kirtsaeng's Mot. for an Award of Attorneys' Fees & Reimbursement of Litig. Expenses, ECF No. 96 ("Def.'s Br."); Pl.'s Opp'n to Def.'s Mot. for an Award of Attorneys' Fees & Reimbursement of Litig. Expenses, ECF No. 107 ("Pl.'s Resp."); Decl. of Maria Danzilo in Supp. of Pl.'s Opp'n to Def.'s Mot. for Attorney Fees, ECF No. 108; Decl. of Kerry M. Mustico in Supp. of Pl.'s Opp'n to Def.'s Mor. for an Award of Attorneys' Fees & Reimbursement of Litig. Expenses, ECF No. 109 ("Mustico Decl."); Decl. of Susan Tiedemann Seutter in Supp. of Pl.'s Opp'n to Def.'s Mot. for an Award of Attorneys' Fees & Reimbursement of Litig. Expenses, ECF No. 110; Reply Mem. of L. in Supp. of Def. Supap Kirtsaeng's Mot. for an Award of Attorneys' Fees & Reimbursement of Litig. Expenses, ECF No. 115 ("Def.'s Reply").

[3] ("In any civil action under this title [i.e., the Copyright Act], the court in its discretion may allow the recovery of full costs by or against any party other than the United States or an officer thereof.  Except as otherwise provided by this title, the court may also award a reasonable attorney's fee to the prevailing party as part of the costs.").

unreasonable or frivolous, and because no other equitable
consideration weighs in favor of Defendant's request, as
explained below, Defendant's motion is denied.

## BACKGROUND

This matter returns to court on remand from the
Supreme Court of the United States and the Court of Appeals for
the Second Circuit.[4]  In earlier proceedings, this Court held
that Kirtsaeng could not invoke the "first sale" defense because
this defense was not applicable to the resale of foreign-
manufactured goods.[5]  In the absence of the first sale defense,
at trial, a jury found Kirtsaeng liable for copyright
infringement.  On appeal, a divided panel of the Court of
Appeals affirmed,[6] but a majority of the Supreme Court reversed,

---

[4] See Kirtsaeng v. John Wiley & Sons, Inc., 133 S. Ct. 1351, 1371
(2013) ("Wiley III") (reversing John Wiley & Sons, Inc. v.
Kirtsaeng, 654 F.3d 210, 224 (2d Cir. 2011) ("Wiley II")
(affirming John Wiley & Sons, Inc. v. Kirtsaeng,
No. 08 Civ. 7834 (DCP), 2009 WL 3364037 (S.D.N.Y. Oct. 19, 2009)
("Wiley I")) and remanding for the further proceedings); John
Wiley & Sons, Inc. v. Kirtsaeng, 713 F.3d 1142, 1142-43
(2d Cir. 2013) ("Wiley IV") (per curiam) (holding that, in light
of the Supreme Court's holding in Wiley III, the Court of
Appeals had "nothing left to decide," and remanding "for such
further proceedings as may be appropriate prior to entry of
final judgment").  Familiarity with the facts and procedural
history of this case is presumed.

[5] See Wiley I, 2009 WL 3364037 at *3-10.

[6] See Wiley II, 654 F.3d at 216-23.

holding that the first sale defense is not geographically limited, and is applicable "where, as here, copies are manufactured abroad with the permission of the copyright owner."[7] Because Kirtsaeng's liability "was premised on the inapplicability of the first sale doctrine to copyrighted works manufactured abroad, even when (as here) the copyrighted works were manufactured and initially sold in accordance with the copyright laws of the United States," the judgment against the Defendant was reversed pursuant to the Supreme Court's holding that the first sale defense *does* apply to the works at issue.[8]

In this circumstance, Section 505 permits the court to "award a reasonable attorney's fee to the prevailing party." But Section 505 is not mandatory. "[A]ttorney's fees are to be awarded to prevailing parties only as a matter of the court's discretion." Fogerty v. Fantasy, Inc., 510 U.S. 517, 534 (1994). Moreover, "[t]here is no precise rule or formula for making these determinations, but instead equitable discretion should be exercised." Id. (internal quotation marks, citation, and footnote omitted). "The touchstone of attorney's fees under § 505 is whether imposition of attorney's fees will further the interests of the Copyright Act, i.e., by encouraging the raising

---

[7] Wiley III, 133 S. Ct. at 1358.

[8] Wiley IV, 713 F.3d at 1143 (footnote omitted).

of objectively reasonable claims and defenses, which may serve
not only to deter infringement but also to ensure 'that the
boundaries of copyright law [are] demarcated as clearly as
possible' in order to maximize the public exposure to valuable
works." <u>Mitek Holdings, Inc. v. Arce Eng'g Co.</u>, 198 F.3d 840,
842-43 (11th Cir. 1999) (quoting <u>Fogerty</u>, 510 U.S. at 526-27).

   In <u>Fogerty</u>, the Supreme Court agreed with the Court of
Appeals for the Third Circuit that factors such as "'[1]
frivolousness, [2] motivation, [3] objective unreasonableness
(both in the factual and in the legal components of the case)
and [4] the need in particular circumstances to advance
considerations of compensation and deterrence' . . . may be used
to guide courts' discretion [in determining whether to award
attorney's fees under Section 505], so long as such factors are
faithful to the purposes of the Copyright Act and are applied to
prevailing plaintiffs and defendants in an evenhanded manner."
<u>Fogerty</u>, 510 U.S. at 534 n.19 (quoting <u>Lieb v. Topstone Indus.,
Inc.</u>, 788 F.2d 151, 156 (3d Cir. 1986)).

   Subsequent to <u>Fogerty</u>, the Court of Appeals for this
Circuit has emphasized in particular the importance of the
objective unreasonableness factor in guiding the court's
discretion as to whether to award attorney's fees under
Section 505. <u>Matthew Bender & Co. v. West Publ'g Co.</u>,

240 F.3d 116, 121-22 (2d Cir. 2001).[9]  As the Court of Appeals explained, "[t]his emphasis on objective reasonableness is firmly rooted in Fogerty's admonition that any factor a court considers in deciding whether to award attorneys' fees must be 'faithful to the purposes of the Copyright Act.'" Id. at 122 (quoting Fogerty, 510 U.S. at 534 n.19).  Because the "principle purpose of the [Copyright Act] is to encourage the origination of creative works by attaching enforceable property rights to

---

[9] (noting also that, subsequent to Fogerty, several other circuits, as well as the district courts in the Second Circuit, "have accorded the objective reasonableness factor substantial weight in determinations whether to award attorneys' fees") (citing Lotus Dev. Corp. v. Borland Int'l, Inc., 140 F.3d 70, 74 (1st Cir. 1998) (affirming denial of fees because copyright holder's "claims were neither frivolous nor objectively unreasonable"); Harris Custom Builders Inc. v. Hoffmeyer, 140 F.3d 728, 730-31 (7th Cir. 1998) (vacating award of fees because, inter alia, losing party's claims were objectively reasonable); Budget Cinema, Inc. v. Watertower Assocs., 81 F.3d 729, 733 (7th Cir. 1996) (holding that "the district court abused its discretion by failing to award attorney's fees based on the objective unreasonableness of [plaintiff's] complaint"); Maljack Prods., Inc. v. GoodTimes Home Video Corp., 81 F.3d 881, 890 (9th Cir. 1996) (awarding fees because, inter alia, plaintiff's claims were "factually unreasonable"); Diamond Star Bldg. Corp. v. Freed, 30 F.3d 503, 506 (4th Cir. 1994) (affirming award of fees because, inter alia, "the objective reasonableness factor strongly weigh[ed] in favor of awarding attorney's fees and costs"); EMI Catalogue P'ship v. CBS/Fox Co., No. 86 Civ. 1149 (PKL), 1996 WL 280813, at *2 (S.D.N.Y. May 24, 1996) (holding that copyright owner's claim was "not so objectively unreasonable as to justify an award of attorney's fees"); Williams v. Crichton, 891 F. Supp. 120, 122 (S.D.N.Y. 1994) (awarding fees solely because losing party's claims were objectively unreasonable); Screenlife Establishment v. Tower Video, Inc., 868 F. Supp. 47, 52 (S.D.N.Y. 1994) (same)).

them[,] . . . the imposition of a fee award against a copyright holder with an objectively reasonable litigation position will generally *not* promote the purposes of the Copyright Act." Id. (emphasis added, internal quotation marks and citations omitted).  Moreover, "a court should not award attorneys' fees where the case is novel or close because such a litigation clarifies the boundaries of copyright law" and neither prospective plaintiffs nor prospective defendants should be discouraged from litigating in such circumstances, regardless of which party ultimately prevails. Canal+ Image UK Ltd. v. Lutvak, 792 F. Supp. 2d 675, 683 (S.D.N.Y. 2011) (internal quotation marks and citation omitted).

## ANALYSIS

Here, neither the factual allegations nor the legal theory on which Wiley's claim was based were objectively unreasonable.  Wiley's claim – which persuaded this Court, the Court of Appeals, and three Justices of the Supreme Court[10] – represented the legitimate attempt of a copyright holder to enforce its rights against the unauthorized importation of low-

---

[10] See Wiley I, 2009 WL 3364037 at *3-10, aff'd, Wiley II, 654 F.3d at 216-23; Wiley III, 133 S. Ct. at 1373-91 (J. Ginsburg, J. Kennedy, and J. Scalia dissenting).

priced, foreign-made copies of its copyrighted works.[11]  Nor does

Kirtsaeng provide any argument to suggest that Wiley's claim in

this case should be deemed to have been objectively

unreasonable.  See Def.'s Br. at 20-25 (addressing the objective

unreasonableness factor by downplaying its importance, without

advancing an argument to support the conclusion that Wiley's

claim was in fact objectively unreasonable); Def.'s Reply at 9-

11 (same).[12]

---

[11] See Wiley III, 133 S. Ct. at 1374 (J. Ginsburg, J. Kennedy,
and J. Scalia dissenting) ("The question in this case is whether
the unauthorized importation of foreign-made copies constitutes
copyright infringement under U.S. law.").

[12] Kirtsaeng suggests that, contrary to this Circuit's "emphasis
on objective unreasonableness" when applying Section 505,
Matthew Bender, 240 F.3d at 122, this factor is not only
unimportant but should be eschewed from consideration
altogether. Def.'s Reply at 9-11.  But this argument appears to
be grounded in a confusion of the concept of objective
unreasonableness with that of a plaintiff's culpability for bad
faith or frivolousness. See id. (addressing the objective
unreasonableness factor by discussing the role of plaintiffs'
culpability for bad faith or frivolousness).  The objective
unreasonableness of a losing copyright claim or defense is
conceptually distinct from a party's bad faith or frivolity,
see, e.g., Vargas v. Transeau, No. 04 Civ. 9772 (WHP), 2008 WL
3164586, at *2 (S.D.N.Y. Aug. 6, 2008) ("The Court need not make
a finding of frivolousness or bad faith to award a fee; rather,
a consistent lack of evidentiary support for the claim typically
will render it objectively unreasonable.") (internal quotation
marks and citations omitted), and is a factor to which the Court
of Appeals for this Circuit has consistently accorded
"substantial weight" in making determinations under Section 505.
See supra note 9.  In any event, the objective unreasonableness
of a claim or defense, bad faith, and frivolity are all
considerations that were expressly approved by the Supreme Court
(footnote continued)

And while it is true (as Kirtsaeng emphasizes, see Def.'s Br. at 20) that the Court of Appeals' <u>Matthew Bender</u> decision reserved a space for district courts to decide that other factors may, in some circumstances, outweigh the objective unreasonableness factor and lead the court to conclude that equity supports a fee award notwithstanding the objective reasonableness of the non-prevailing party, <u>see</u> <u>Matthew Bender</u>, 240 F.3d at 122 ("In an appropriate case, the presence of other factors might justify an award of fees despite a finding that the nonprevailing party's position was objectively reasonable.") (quoting <u>Matthews v. Freedman</u>, 157 F.3d 25, 29 (1st Cir. 1998) ("Depending on other circumstances, a district court could conclude that the losing party should pay even if all of the arguments it made were reasonable.")), this is not such a case.

The remaining <u>Fogarty</u> factors, other than the reasonableness of the non-prevailing party's claim, are (1) frivolousness, (2) motivation, and (3) the need to advance considerations of compensation and deterrence. <u>Fogerty</u>, 510 U.S. at 534 n.19. Here it is clear, first, that Wiley's action was not frivolous. A complaint is frivolous "where it lacks an arguable basis either in law or in fact." <u>Neitzke v. Williams</u>,

---

as relevant to determinations under Section 505. <u>Fogerty</u>, 510 U.S. at 534 n.19.

490 U.S. 319, 325 (1989).  For the same reasons that Wiley's claim cannot be said to have been objectively unreasonable, it was clearly not frivolous. See, e.g., Wiley III, 133 S. Ct. at 1357 (acknowledging that the Second Circuit, the Ninth Circuit, and the Solicitor General (as *amicus*) all agreed with Wiley's reading of the relevant ambiguous statutory language). Thus the frivolousness factor does not weigh against the fact that Wiley's litigating position was objectively reasonable.

Second, Wiley's motivation was not inappropriate. See, e.g., Luken v. Int'l Yacht Council, Ltd., 581 F. Supp. 2d 1226, 1245 (S.D. Fla. 2008) ("It goes without saying that protection of one's copyright constitutes a permissible motivation in filing a copyright infringement case against one whom the copyright holder believes in good faith to have infringed the copyright."); see also Eldred v. Ashcroft, 537 U.S. 186, 212 n.18 (2003) ("[C]opyright law *celebrates* the profit motive, recognizing that the incentive to profit from the exploitation of copyrights will redound to the public benefit by resulting in the proliferation of knowledge.") (emphasis in the original, internal quotation marks and citation omitted).  Moreover, as Wiley explains, see Pl.'s Resp. at 24-28, its motivation for certain arguably aggressive conduct in this litigation was also not unreasonable – Wiley's motions to attach Kirtsaeng's personal property and to have Kirtsaeng adjudged in contempt of

10

a prior attachment order, for example, could reasonably have been motivated by a desire to protect the value of a judgment against Kirtsaeng, based on Wiley's belief that Kirtsaeng was withdrawing funds from his bank accounts and transferring title to his property to avoid satisfying a judgment against him. Id.[13] Cf. Silverstein v. Penguin Putnam, Inc., No. 01 Civ. 309 (JFK), 2008 WL 678559, at *4 (S.D.N.Y. Mar. 12, 2008) (holding that even "regrettable conduct" such as "counsel's repeated and unfounded accusations of impropriety on the part of [the prevailing party] and its lawyers [that] were . . . reckless and uncalled for" did not outweigh the important factor that the non-prevailing party's claim was objectively reasonable).

Third, considerations of compensation and deterrence also do not weigh in favor of a fee award in this case.  With regard to compensation, the evidence shows that Kirtsaeng has not in fact paid, and is not obligated to pay, most of the legal

---

[13] Wiley is also correct that, even if these discrete litigation tactics were to be deemed to have been in bad faith, a fee award on that basis would require Kirtsaeng to establish a link between the discrete bad faith acts and the costs incurred therefrom. Cf. Matthew Bender & Co., Inc. v. West Publ'g Co., 41 F. App'x 507, 508-09 (2d Cir. 2002) (explaining that to support a claim for attorneys' fees under Section 505 based on the non-prevailing party's bad faith conduct, the moving party must either show that the conduct of the entire litigation was in bad faith or else "establish a link between specific bad faith conduct and the fees incurred that might justify a more limited award") (internal quotation marks and citation omitted).

fees sought. See Ex. 6 (Orrick Retention Agreement) to Mustico
Decl., ECF No. 109-6, at 2 ("In accordance with our *pro bono*
representation, we have agreed to provide our legal services to
you without charge (subject to the condition noted above [i.e.,
that if the Supreme Court grants certiorari in this case, Orrick
will argue the case]). We have agreed to pay all out-of-pocket
expenses related to this representation."); Ex. 12 (Israel
Invoices to Kirtsaeng) to Israel Decl., ECF No. 94-12,
at Invoice # 13736 (showing that, as of July 31, 2013, Kirtsaeng
owed a balance of $26,285.14).[14]  Moreover, as Wiley points out,
Pl.'s Resp. at 29, Kirtsaeng's need for compensation for his
legal defense in this case is tempered by his victory – he may
now continue his arbitrage business free of the fear of
incurring copyright liability.  Thus equitable consideration of
the need to compensate the prevailing defendant is not so strong
as to outweigh the fact that Wiley's claim was not objectively
unreasonable.

---

[14] Although Kirtsaeng does not provide a total figure for the fee
award he seeks, see Def.'s Br. at 26-40 (arguing that the fees
charged by Kirtsaeng's legal team in this case were customary
and reasonable and discussing hourly rates without providing
the total figure sought); Def.'s Reply at 21-22 (same), the amounts
reflected in Defendant's supporting documentation indicate a
figure in excess of $2,000,000. See supra note 2; Pl.'s Resp.
at 7.

Finally, with regard to deterrence, Wiley did not engage in any conduct that equity suggests should be deterred in the future by the threat of a large fee award.  As already discussed, Wiley brought this action based on its belief that, given then-existing legal interpretations of the Copyright Act, Kirtsaeng was infringing on Wiley's rights.  Such actions should not be deterred. See, e.g., Lotus Dev. Corp., 140 F.3d at 72-75 (quoted with approval in Matthew Bender, 240 F.3d at 121) (affirming the denial of attorneys' fees where the parties "had litigated a novel and unsettled question of copyright law in order to protect their own economic interests" because "when the parties are litigating a matter of some importance to the copyright laws, there is no need for deterrence") (internal quotation marks and citations omitted). See also id. at 75 (noting that parties to a copyright action "should not be deterred from litigation by the possibility that their refusal to settle . . . will be held against them after they prevail") (internal quotation marks and citation omitted).

Emphasizing the Supreme Court's characterization of the Fogerty factors discussed above as discretionary and non-exclusive, see Fogerty, 510 U.S. at 534 n.19, Kirtsaeng also argues that three additional considerations weigh in favor of a fee award in this case: 1) that Kirtsaeng's successful defense against Wiley's claim clarified the contours of the Copyright

13

Act and its first sale doctrine, Def.'s Br. at 10-12; Def.'s
Reply at 2-6; 2) the degree of Kirtsaeng's success in this
litigation, Def.'s Br. at 13; Def.'s Reply at 14-15; and 3) the
imbalance of wealth and power between the parties, Def.'s Br.
at 18-20; Def.'s Reply at 17-18.  But none of these additional
factors outweighs the substantial weight accorded to the
objective reasonableness of Wiley's ultimately unsuccessful
claim.

First, while it is true that this litigation clarified
the boundaries of copyright law, this result is due as much to
Wiley's risk in bringing the claim as to Kirtsaeng's successful
defense against it.  As this Court has recently explained,

> 'Because copyright law ultimately serves the purpose[]
> of enriching the general public through access to
> creative works, it is peculiarly important that the
> boundaries of copyright law be demarcated as clearly
> as possible.' 'But because *novel cases require a
> plaintiff to sue in the first place*, the need to
> encourage meritorious defenses is a factor that a
> district court may balance against the *potentially
> chilling effect of imposing a large fee award on a
> plaintiff*, who, in a particular case, may have
> advanced a reasonable, albeit unsuccessful, claim.'
> Hence 'a *court should not award attorneys' fees where
> the case is novel or close because such a litigation
> clarifies the boundaries of copyright law*.'

Canal+ Image UK, 792 F. Supp. 2d at 683.[15]  Thus "the potentially
chilling effect of imposing a large fee award on a plaintiff,

---

[15] (emphasis added) (quoting Fogerty, 510 U.S. at 527; Lotus Dev.
Corp., 140 F.3d at 75; and Earth Flag Ltd. v. Alamo Flag Co.,
(footnote continued)

who, in a particular case, may have advanced a reasonable, albeit unsuccessful, claim," id., also weighs against a fee award in this case.

And while Kirtsaeng suggests that, but for the prospect of a fee award, he may have "thrown in the towel" and aborted the litigation before the Supreme Court had the chance to clarify the boundaries of copyright law,[16] the facts of this case suggest otherwise.  Here, Kirtsaeng's continued defense against Wiley's claim was not threatened by high litigation costs because the novelty and potential importance of his case attracted offers of *pro bono* representation without any

---

154 F. Supp. 2d 663, 666 (S.D.N.Y. 2001), respectively) (denying motion for attorneys' fees under Section 505 and noting that the defendants' conduct "risked the very lawsuit that . . . [the losing plaintiff] actually filed," that the plaintiff "took a risk that it would end up with nothing to show for its costs in prosecuting its claim," and that "[t]hese kinds of risks are inherent in any litigation involving contested rights").

[16] See Def.'s Reply at 6 ("If Kirtsaeng settled rather than 'press[ed]' his 'meritorious . . . defense'  because of heavy litigation costs, the public would have lost the benefit of the Supreme Court's decision.") (quoting Assessment Techs. of WI, LLC v. WIREdata, Inc., 361 F.3d 434, 437 (7th Cir. 2004) ("[W]ithout the prospect of [a fee] award, the party might be forced into a nuisance settlement or deterred altogether from exercising his rights."); Harrison Music Corp. v. Tesfaye, 293 F. Supp. 2d 80, 84 (D.D.C. 2003) ("[A fee award] addresses [the Copyright Act's] goals because it enables people to vindicate or defend their rights where it would otherwise be uneconomical to do so.")).

contingency or provision for a prospective fee award.[17]
Moreover, the incentive that a successful defense resting on the
first sale doctrine would permit Kirtsaeng to continue his
arbitrage business free of the threat of future copyright
liability distinguishes this case from one where continued
litigation may have been uneconomical in the absence of the
promise of a fee award.

Next, Kirtsaeng argues that the fact that he prevailed
on the merits, rather than a technical defense (such as statute
of limitations or laches), favors a fee award in this case.
See Def.'s Reply at 14-15.  But "the degree of success obtained"
is a consideration that is relevant to the reasonableness of the
magnitude of a particular fee award, rather than the threshold
question of whether a fee award would further the purposes of

---

[17] As Wiley suggests, "the fact that top-flight law firms are
competing with each other to volunteer free representation to
gain Supreme Court experience and recognition is important."
Pl.'s Resp. at 34; see also id. at 36 ("[A]n opportunity to
brief and argue a Supreme Court appeal is rare and uniquely
lucrative for law firms trying to build or maintain Supreme
Court practices or develop large clients.  . . .  [Here, the
firm that offered Kirtsaeng free representation at the Supreme
Court] has already received the benefit of its bargain.  It had
the all-too rare opportunity of arguing before the Supreme
Court, and all the trappings that go with it – prestige, press,
and, most importantly, the ability to market its experience to
paying clients.").

the Copyright Act.[18]  While this may be an important
consideration when setting the amount of a fee award, the nature
of a prevailing party's success does not directly address the
interests of copyright law – it may be, for example, that even a
small success on a technical issue against an objectively
unreasonable claim or defense would warrant compensation and
deterrence of similarly unreasonable future litigating positions
or, conversely (and as is the case here), that a high degree of

---

[18] Cf., e.g., Marek v. Chesny, 473 U.S. 1, 11 (1985) (explaining
that "'the most critical factor' in determining a reasonable fee
'is the degree of success obtained'") (emphasis added) (quoting
Hensley v. Eckerhart, 461 U.S. 424, 436 (1983)); see Hensley,
461 U.S. at 435-36 ("Where a plaintiff has obtained excellent
results, his attorney should recover a fully compensatory fee.
. . .  If, on the other hand, a plaintiff has achieved only
partial or limited success, the product of hours reasonably
expended on the litigation as a whole times a reasonable hourly
rate may be an excessive amount.  . . .  [T]he most critical
factor is the degree of success obtained."); Miroglio S.P.A. v.
Conway Stores, Inc., 629 F. Supp. 2d 307, 316 (S.D.N.Y. 2009)
(considering "degree of success obtained" only when determining
the amount of a reasonable fee award, after deciding that a fee
award is warranted); see id. at 311 (concluding that a fee award
was warranted because "[t]his was not a case in which the facts
were 'close' or the issues 'novel' so as to make an award of
attorney's fees inappropriate"; the award would provide
compensation to the prevailing party for being "forced to pursue
this lengthy litigation in the face of an obviously losing
position on the part of defendants"; and because "the
defendants' unreasonable position [was] directly responsible for
[the prevailing plaintiff's] having had to expend the very costs
and fees it now seeks"); Vargas, 2008 WL 3164586 at *4
(considering "degree of success obtained" only when determining
the amount of a reasonable fee award, after deciding that a fee
award is warranted); see id. at *3 (concluding that a fee award
was warranted because the losing plaintiffs' claims were
objectively unreasonable).

success in a novel or close case with reasonable litigating positions on both sides would *not* warrant a fee award because neither party should be discouraged from litigating in such circumstances.  Kirtsaeng has not provided any authority[19] to suggest that his ultimate success on the merits should override the substantial weight given to the objective reasonableness of Wiley's claim or the consideration that "a court should not award attorneys' fees where the case is novel or close" because

---

[19] Kirtsaeng cites to Fantasy, Inc. v. Fogerty, 94 F.3d 553, 556 (9th Cir. 1996) (affirming district court's grant of fee award to the prevailing defendant after remand from Fogerty, 510 U.S. 517), where the Court of Appeals for the Ninth Circuit referred to the combined results of a bifurcated proceeding in which the district court below first determined entitlement to a fee award and only then considered the appropriate amount of such an award. Def.'s Reply at 14-15.  Because this reference describes a district court's consideration of the proper amount of a fee award after having decided that such award is warranted, Defendant's citation to Fantasy, 94 F.3d at 556, is not inconsistent with the court's conclusion above that the degree of success obtained is a consideration more relevant to the reasonableness of the magnitude of a particular fee award than it is to whether such award would further the goals of the Copyright Act.  The only other authority cited by the Defendant to support employing the degree of success factor at this stage, see Def.'s Reply at 15; Def.'s Br. at 13 (discussing degree of success obtained without citing to any authority), is Video-Cinema Films, Inc. v. Cable News Network, Inc., No. 98 Civ. 7128 (BSJ), 2003 WL 1701904 (Mar. 31, 2003), where the court concluded that a fee award to the prevailing defendant was appropriate because "Plaintiff was improperly motivated to bring this copyright action and . . . Plaintiff's position was objectively unreasonable," id. at *5, without mentioning the degree of success obtained by the prevailing party.

neither party should be discouraged from litigating its reasonable legal position. <u>Earth Flag</u>, 154 F. Supp. 2d at 666.

Finally, Defendant suggests that the imbalance of wealth and power between the parties should override the substantial weight accorded to the objective reasonableness of Wiley's claim. <u>See</u> Def.'s Br. at 18-20; Def.'s Reply at 17-18. But like the degree of success obtained, financial disparity between the parties is a consideration more relevant to "determining the magnitude of an award once it has been resolved that such an award is appropriate." <u>Penguin Books U.S.A., Inc. v. New Christian Church of Full Endeavor, Ltd.</u>, No. 96 Civ. 4126 (RWS), 2004 WL 728878, at *5 (Apr. 6, 2004) (holding that the parties' relative financial strength is not a determinative factor in deciding whether to award attorneys' fees under Section 505).[20]  As with the degree of success obtained,

---

[20] <u>See also</u> <u>id.</u> at *6 (noting two S.D.N.Y. decisions that "treated a financial disparity between the parties as a factor to be weighed in determining whether an award should issue rather than simply the magnitude of such an award," but opining that "[t]o the extent these opinions were premised on mistaken or opaque prior constructions of the holding in <u>Williams</u>, this Court declines to tread that same path"); <u>see</u> <u>id.</u> at *5 (explaining that most S.D.N.Y. cases addressing the parties' financial disparity in the context of Section 505 fee awards can be "traced back to their collective point of origin in <u>Williams v. Crichton</u>, [No. 93 Civ. 6829 (LMM), 1995 WL 449068, at *1 (S.D.N.Y. July 26, 1995) (taking into consideration the relative financial strength of the parties in "determining the amount of an award under [Section 505]" after deciding that a fee award is warranted)]" and arguing that these cases therefore "stand only
(footnote continued)

financial disparity does not speak to whether a fee award (whether large or small) would further the goals of the Copyright Act, for it may be that even a small award against an impecunious party with an unreasonable litigating position may further the Copyright Act's goals by incentivizing reasonableness in copyright litigation or, conversely, that a fee award would not advance the Copyright Act's goals in a case involving a large financial disparity between the parties because, as here, it is important to encourage reasonable claims (regardless of a plaintiff's wealth or poverty) as well as meritorious defenses involving close or novel issues of copyright law.  Accordingly, Kirtsaeng's argument that the financial disparity between the parties in this case weighs in favor of a fee award is also unpersuasive.

## CONCLUSION

Because Wiley's claim was not objectively unreasonable, and because no other factor weighs against this important consideration in the circumstances of this case, grant of Kirtsaeng's fee request is not appropriate.  Defendant's

---

for the notion that financial disparities may be a factor considered in determining the magnitude of an award once it has been resolved that such an award is appropriate").

motion for an award of attorneys' fees and reimbursement of litigation expenses is therefore denied.[21]

       It is SO ORDERED.


                            __/s/   Donald C. Pogue_____

                             Donald C. Pogue, Judge[22]

Dated:      December 20, 2013
              New York, New York

---

[21] All outstanding discovery disputes between the parties regarding the evidence potentially relevant to calculating a reasonable fee in this case are accordingly moot.

[22] Chief Judge Donald C. Pogue of the United States Court of International Trade, sitting by designation.