UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------ X
                                     :        08cv7834 (DLC)
JOHN WILEY & SONS, INC.,             :
                      Plaintiff,     :        OPINION AND ORDER
                                     :
          -v-                        :
                                     :
SUPAP KIRTSAENG,                     :
                                     :
                      Defendant.     :
                                     :
------------------------------------ X

APPEARANCES:

For the Plaintiff:
Gary M. Rinck
John Wiley & Sons, Inc.
1111 River Street
Hoboken, NJ 07030-5774

For the Defendant:
Sam P. Israel
Eleonora Zlotnikova
Sam P. Israel, P.C.
180 Maiden Lane, 6th Floor
New York, NY 10038

DENISE COTE, District Judge:

     John Wiley & Sons, Inc. ("Wiley"), a domestic publisher of

academic textbooks, brought this copyright action in 2008

against Supap Kirtsaeng ("Kirtsaeng"), an importer and reseller

of Wiley's foreign edition textbooks, claiming that his

activities violated its exclusive right to distribute and import

the textbooks.  As the prevailing party, Kirtsaeng moves for an

award of attorneys' fees.  For the following reasons, the motion
is denied.

**<u>BACKGROUND</u>**

This case is before the Court after its second trip to the
Supreme Court.  The district court found in 2009 that Kirtsaeng
had infringed on Wiley's copyright, and the Second Circuit
affirmed, holding that "the District Court correctly decided
that Kirtsaeng could not avail himself of the first sale
doctrine codified by § 109(a) [of the Copyright Act] since all
the books in question were manufactured outside of the United
States."  <u>John Wiley & Sons, Inc. v. Kirtsaeng</u>, 654 F.3d 210,
222 (2d Cir. 2011); <u>see</u> 17 U.S.C. § 109(a) (2006).  The Supreme
Court, however, reversed, holding that Kirtsaeng could invoke
the Copyright Act's first sale doctrine as a defense to Wiley's
copyright infringement claim.  <u>Kirtsaeng v. John Wiley & Sons,
Inc.</u>, 133 S. Ct. 1351 (2013).

As the prevailing party, Kirtsaeng moved for an award of
attorneys' fees under the Copyright Act's fee-shifting
provision.  <u>See</u> 17 U.S.C. § 505.  In 2013, the district court
denied Kirtsaeng's application.  <u>John Wiley & Sons, Inc. v.
Kirtsaeng</u>, No. 08cv07834 (DCP), 2013 WL 6722887, at *6 (S.D.N.Y.
Dec. 20, 2013).  The Second Circuit affirmed the denial of

2

attorneys' fees, holding that the district court was correct to place "substantial weight" on the objective reasonableness of Wiley's position and that the district court did not abuse its discretion in determining that the other factors it considered did not outweigh the reasonableness finding.  John Wiley & Sons, Inc. v. Kirtsaeng, 605 F. App'x 48, 49-50 (2d Cir. 2015).

The Supreme Court vacated the Second Circuit's decision, noting that "the Court of Appeals' language at times suggests that a finding of reasonableness raises a presumption against granting fees."  Kirtsaeng v. John Wiley & Sons, Inc., 136 S. Ct. 1979, 1989 (2016) (hereinafter "Kirtsaeng II").  It remanded the case to ensure that the district court would give "substantial weight to the reasonableness of Wiley's litigating position, but also tak[e] into account all other relevant factors."  Id.  The Court, however, cautioned that it did "not at all intimate that the District Court should reach a different conclusion."  Id.  On August 26, 2016, the Second Circuit issued a mandate which vacated the judgment of the district court and remanded for further proceedings consistent with the opinion of the Supreme Court.  John Wiley & Sons v. Kirtsaeng, No. 14-344 (Aug. 29, 2016).

Kirtsaeng submitted an August 26 letter to the district court requesting an opportunity to submit briefs consistent with the analysis articulated in the recent Supreme Court decision. The case was reassigned to this Court on October 26, 2016.  On November 3, this Court ordered that "briefs from both parties shall be served by December 9" in the form of either "a single, previously submitted brief and an accompanying memorandum of no more than five pages" or "a new brief no longer than twenty pages without attachment."  Having considered the December 9 submissions as well as the entire record in this case, Kirtsaeng's motion for attorneys' fees is denied.

## DISCUSSION

Section 505 of the Copyright Act provides that "the court in its discretion may allow the recovery of full costs by or against any party other than the United States" and that "the court may also award a reasonable attorney's fee to the prevailing party as part of the costs."  17 U.S.C. § 505. "There is no precise rule or formula for making these determinations, but instead equitable discretion should be exercised . . . ."  Fogerty v. Fantasy, Inc., 510 U.S. 517, 534 (1994).  "[A] district court determining whether to exercise its discretion to award fees under the Copyright Act may consider

such factors as (1) the frivolousness of the non-prevailing party's claims or defenses; (2) the party's motivation; (3) whether the claims or defenses were objectively unreasonable; and (4) compensation and deterrence." 16 Casa Duse, LLC v. Merkin, 791 F.3d 247, 264 (2d Cir. 2015) (citation omitted).

The Supreme Court emphasized in Kirtsaeng II that courts must make a "particularized, case-by-case assessment . . . guided by sound legal principles" when addressing an attorneys' fees motion. 136 S. Ct. at 1985-86. It reminded courts that they "may not treat prevailing plaintiffs and prevailing defendants any differently." Id. at 1985. It agreed with Wiley that a court should give "substantial weight" to the objective reasonableness or unreasonableness of the losing party's litigating position. Id. at 1986-87. It cautioned, however, that a court may not "turn[ ] 'substantial' into more nearly 'dispositive' weight." Id. at 1989. "Objective reasonableness can be only an important factor in assessing the applications –– not the controlling one." Id. at 1988. Accordingly, courts "must take into account a range of considerations beyond the reasonableness of litigating positions. That means in any given case a court may award fees even though the losing party offered reasonable arguments (or, conversely, deny fees even though the

losing party made unreasonable ones).” Id. (citation omitted).

“[C]ourts must view all the circumstances of a case on their own

terms, in light of the Copyright Act’s essential goals.” Id. at

1989.

Regarding the Copyright Act’s goals, Kirtsaeng II

acknowledged that

> [t]hose objectives are well settled.  As Fogerty
> explained, “copyright law ultimately serves the
> purpose of enriching the general public through access
> to creative works.”  The statute achieves that end by
> striking a balance between two subsidiary aims:
> encouraging and rewarding authors’ creations while
> also enabling others to build on that work.
> Accordingly, fee awards under § 505 should encourage
> the types of lawsuits that promote those purposes.

Id. at 1986 (citation omitted).

This litigation, looked at holistically and in light of the

Copyright Act’s goals, does not favor an award of attorneys’

fees to Kirtsaeng, even though he is indisputably the prevailing

party.  Wiley’s position, though ultimately unsuccessful, was

not objectively unreasonable.  As the district court noted in

its attorneys’ fees opinion, “Wiley’s claim -- which persuaded

this Court, the Court of Appeals, and three Justices of the

Supreme Court -- represented the legitimate attempt of a

copyright holder to enforce its rights against the unauthorized

importation of low-priced, foreign-made copies of its

copyrighted works."  John Wiley & Sons, Inc., 2013 WL 6722887,
at *2; see also John Wiley & Sons, Inc., 654 F.3d at 222 ("We
freely acknowledge that this is a particularly difficult
question of statutory construction in light of the ambiguous
language of § 109(a) . . .").

While substantial weight should be given to the objective
reasonableness of Wiley's litigating position, that
determination is only the beginning of the relevant inquiry.  It
is also necessary to examine whether other appropriately
considered factors suggest that in the circumstances of this
case, and in light of the Copyright Act's goals, Kirtsaeng
should be awarded fees.  They do not.  Several relevant factors
weigh strongly against an award of fees.  For the same reasons
that Wiley's litigating position was objectively reasonable, it
was not frivolous.  A complaint is frivolous "where it lacks an
arguable basis either in law or in fact."  Neitzke v. Williams,
490 U.S. 319, 325 (1989).  Moreover, Wiley acted in good faith
to defend its distribution rights against what it reasonably
considered to be the unauthorized importation of its copyrighted
works.

In support of his request, Kirtsaeng makes a series of
interrelated arguments.  The most prominent themes in its motion

7

are described here.  None of its arguments, taken together or singly, however, persuade this Court that he should be awarded fees in this action.

Kirtsaing contends that Wiley's litigation position was not objectively reasonable in its entirety because its complaint also asserted a trademark claim and an unfair competition claim. Wiley withdrew one of these claims early in the litigation and the other before trial.  Pleading and litigating these claims for a period of time alongside the copyright claim did not make Wiley's litigating position objectively unreasonable.[1]

Kirtsaeng argues that Wiley had an improper motive in attempting to use the Copyright Act to assert downstream control over the distribution of textbooks even after it profited from the first sale.  This simply restates that Wiley's copyright claim was ultimately unsuccessful.  Wiley's decision to file and its pursuit of the copyright infringement action against one whom it believed in good faith to have infringed its copyright did not constitute either bad faith or suggest an impermissible

---

[1] While Kirtsaeng's current motion places great emphasis on the pleading of the two collateral claims, his original brief of August 1, 2013, filed before the court that supervised the litigation to support the award of attorneys' fees, gave scant attention to the two claims.  He described them as "quickly aborted."  The 2013 brief focused almost exclusively on arguments addressed to the copyright claim.

motive.  "[C]opyright law celebrates the profit motive,
recognizing that the incentive to profit from the exploitation
of copyrights will redound to the public benefit by resulting in
the proliferation of knowledge."  Eldred v. Ashcroft, 537 U.S.
186, 212 n.18 (2003).

Kirtsaeng urges that he "obtained an extremely high degree
of success in litigating this close case," which favors a fee
award.  But, to award attorneys' fees because the first sale
doctrine was a complete defense to the infringement claim would
be to "confuse[ ] the issue of liability with that of
reasonableness."  Kirtsaeng II, 136 S. Ct. at 1988.

Finally, Kirtsaeng argues that compensation is necessary to
"incentiviz[e] impecunious defendants to stand up to corporate
goliaths" and to reimburse the defendant and his attorneys.  In
a closer case for an award of attorneys' fees, this argument
might have greater weight.  But, in the context of this
litigation, it is insufficient to merit an award.

## CONCLUSION

The defendant's motion for an award of attorneys' fees and costs is denied.  The Clerk of Court shall close the case.


Dated:    New York, New York
          December 21, 2016


                        _____
                              DENISE COTE
                        United States District Judge